# N. Y. SUPERIOR COURT.

MARIA KAISER, appellant, agt. VALENTINE HIRTH, respondent.

An owner of a tenement house is not liable to a person visiting one of the tenants for damages caused by falling down cellar steps opening upon the hallway, where it appeared that the opening was furnished with a good and sufficient covering, which was open at the time of the injury, in the absence of proof of defective or negligent construction, or that the defendant himself negligently left the opening uncovered.

The fact that the owner occupied the house in connection with several of his tenants raises no presumption of negligence against him. Each occupant is answerable only for his own negligence, and there can be no presumption against any particular occupant.

*General Term, October*, 1873.

*Before* MONELL, CURTIS *and* SEDGWICK, *JJ.*

THIS is an appeal from a decision at the trial term dismissing the complaint and ordering the exceptions to be heard in the first instance at general term with a stay of judgment.

F. KURZMAN, *for plaintiff, appellant*, cited *Sher. & Red. on Neg.* (56, 508, 509); *Eakin agt. Brown* (1 *E. D. Smith*, 44); *Anderson agt. Dickie* (1 *Robt.*, 238); *Congreve agt. Smith* (18 *N. Y.*, 79); *Freer agt. Cameron* (4 *Rich. [S. C.] L. Rep.*, 228); *Chapman agt. Rothwell* (*E., B. & E.*, 168); *Karl agt. Millard* (3 *Bosw.*, 591); *Carman agt. Eastern Co. R. R. Co.* (4 *Hurl. & Norm.*, 781); *Pickard agt. Smith* (10 *Com. Bench [N. S.]*, 470); *Godley agt. Hagerty* (20 *Penn. St.*, 387); *Irwin agt. Fowler* (5 *Robt.*, 482); *Southcote agt. Stanley* (1 *Hurl. & Norm.*, 247).

DAVID McADAM, *for defendant, respondent*, cited *Sher. & Red. on Neg.* (§ 5 *and* §§ 503, 504); *Curran agt. Warren*

Kaiser agt. Hirth.

*Chemical Co.* (36 *N. Y.*, 153); *Terry* agt. *The Mayor* (8 *Bosw.*, 504); 4 *Abb.* [*N. S.*], 273; *Moore* agt. *Goedel* (34 *N. Y.*, 572), affirming 7 *Bosw.*, 571; *Robbins* agt. *Mount* (4 *Robt.*, at *pp.* 565, 566); *Mayor* agt. *Corlies* (2 *Sandf.*, 301); *Doape* agt. *Genin* (45 *N. Y.*, 119); *Cheetham* agt. *Hampson* (4 *T. R.*, 318); *Bolch* agt. *Smith* (7 *Hurl. & Nor.*, 736); *Southcote* agt. *Stanley* (1 *Hurl. & Norm.*, 249); *Robbins* agt. *Jones* (15 *Com. Ben.* [*N. S.*], 240); *Colles* agt. *Sheldon* (3 *Law, C. P. R.*, 495); *Sullivan* agt. *Waters* (14 *Jurist, C. L. R.*, 460); *Chantlier* agt. *Robinson* (4 *W. H. & G.*, 170); *Haunsel* agt. *Smyth* (7 *Com. Ben.* [*N. S.*], 731); *Gountrels* agt. *Egertoy* (*Law Rep.*, 2 *C. P.*, 370); 25 *L. J. Ex.*, 339); *O'Brien* agt. *Capwell* (59 *Barb.*, 497). As to propriety of nonsuit, *Gonzales* agt. *N. Y. and H. R. R. Co.* (38 *N. Y.*, 440); *Wilcox* agt. *Rome and W. R. R. Co.* (39 *N. Y.*, 365; 20 *N. Y.*, 73; 24 *N. Y.*, 430; 24 *How.*, 97; 2 *Duer*, 59; 3 *Robt.*, 25; 49 *N. Y.*, 177; 3 *Com. Ben.* [*N. S.*], 146; *Law Rep.*, *C. P.*, *vol.* 1, *p.* 300). Plaintiff should have asked leave to go to the jury (*Graham & Wat. on N. T.*, *vol.* 1, *p.* 281; 1 *Taunt.*, 10; 1 *Keyes*, 532; 37 *Barb.*, 244).

CURTIS, *J.*—The action is brought to recover damages for injuries sustained by falling through a trap-door, down a stairway, into the cellar of premises owned by the defendant and erected and used by him as a tenement house for many families, and which had been carelessly left open.

The defendant claims that the injuries sustained by the plaintiff were caused by negligence on her part solely.

The plaintiff went to the house to visit her son, who was one of the tenants residing on the premises, between eleven and twelve o'clock in the forenoon. About fourteen feet from the front entrance into the main hall a circular staircase rises from the side of the right-hand wall. At the further side of the staircase, and just beyond it, in a recess, on the same side of the hall, is a staircase descending to the cellar, which is used by the various tenants to descend to their respective por-

tions of the cellar. This is covered by a trap-door which juts out about two inches into the hall, and was placed there to protect persons from falling down the stairway. The hall is lighted but obscurely from the entrance at each extremity. The trap-door being left open, the plaintiff stepped with one foot upon the stairs and the other into the open space where the trap-door should have been, if properly closed, and, falling, sustained injuries.

There was some conflict of testimony as to how dark the hall was at the time.

Although on the trial this stairway was described as a well-hole by one of the witnesses, and spoken of as a hatchway, yet, when covered with a trap-door, such description cannot be considered as technically correct.

The evidence in the case fails to show any defect or negligence in its construction, or that, when properly used, it does not suffice to protect persons having occasion to use the hall-way and to be all that reasonable care and prudence can suggest.

The carelessness and negligence of tenants may convert almost any part or fixture of a building into a source of damage or injury to some one.

It is difficult to conceive of means that will prevent the consequences of their leaving doors open or gas or water flowing in premises that may be occupied by them, but for their negligent acts in these respects the law holds them responsible.

In the present case there is no evidence that the defendant, who occupied a part of the building, or any tenant of his, left this trap-door open. They are each liable for their respective negligence, and there can be no presumption of negligence against any particular occupant (*Moore* agt. *Geelet*, 34 *N. Y. R.*, 527). The testimony fails entirely to show who left the trap-door open, or that the defendant allowed it to be open. It does not appear that it was constructed without proper care, or that its careful use would be productive of injury to

any one. Such being the case it would be unjust to hold the owner of the premises responsible for the negligent use of it.

He discharged his duty to his tenants and their visitors when he made this provision for their protection, and which was safe unless carelessly used; he is not bound to protect them from the consequences of their careless acts in the course of occupancy.

It being entirely clear that it was safe if used with care, and there being no proof that the defendant left it open or caused or allowed it to be left open, the court properly dismissed the complaint.

The case of *Robbins* agt. *Mount* (4 *Robt.*, 565, 566) is directly in point, and the court there held precisely this view in respect to the liability of the owners of premises for the negligence of their tenants.

The exceptions to the decision of the court dismissing the complaint should be overruled and judgment ordered for the defendant on the verdict, with costs.

MONELL and SEDGWICK, JJ., concurred.