GEORGE HARRIS, Respondent, *v.* JOHN S. PERRY et al., Appellants.

Under the provision of the act relating to buildings in the city of New York (§ 16, chap. 625, Laws of 1871, as amended by § 5, chap. 547, Laws of 1874), which provides that the opening of any elevator or hoistway in a building in said city shall be protected on each floor by railings and trap-doors, and that the trap-doors shall be kept closed at all times except when in actual use "by the occupant or occupants of the buildings having the use and control of the same;" where there are several occupants of a building, the duty is imposed upon the one whose use of the elevator or hoistway requires the opening, and whose disuse permits the close of the trap-doors; no one of them can be made liable for the neglect of another to perform such duty.

Defendants leased all of a building in said city above the first floor, which with the basement and sub-cellar was leased to other tenants; the tenants had a common right to use a shipping-room in the basement, and an elevator or hoistway for goods, which was part of the building running from the sub-cellar up to the upper story and moved by power furnished by the owners of the building, and under the control of an engineer employed by them. Plaintiff went to the shipping-room to procure goods purchased of defendants, and finding no one there to deliver, went to the elevator to call through the opening overhead as he had done before with safety. The room was dark; the elevator was not in use at the time, but was up near the first floor. The trap-doors in the basement floor were open, and plaintiff fell through to the sub-cellar and was injured. In an action to recover damages it did not appear that defendants had used the elevator last and only by a supposition of a clerk that they had used it that day. *Held*, that no negligence on the part of defendants or liability under said statute was shown; and that a refusal to nonsuit was error.

*It seems* that the question of contributory negligence on the part of the plaintiff was properly submitted to the jury.

*Harris* v. *Perry* (23 Hun, 244), reversed.

(Argued May 4, 1882; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, in favor of plaintiff, entered upon an order made December 16, 1880, which over-ruled defendants' exceptions and directed judgment on a verdict. (Reported below, 23 Hun, 244.)

This action was brought to recover damages for injuries alleged to have been occasioned by defendants' negligence.

The material facts are stated in the opinion.

*Hamilton Harris* for appellants. The plaintiff's negligence and want of care caused or contributed to his injury, and for this reason the motion for a nonsuit should have been granted. (Shearm. & Redf. on Neg., § 591; *Koch* v. *Edgewater*, 14 Hun, 544; *Totten* v. *Phipps*, 52 N. Y. 354; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Zoebish* v. *Tarbell*, 10 Allen, 385; *Victory* v. *Baker*, 67 N. Y. 366; *Pierce* v. *Whitcomb*, 48 Vt. 127, 131.) In the absence of proof that defendants left the guard down, a liability cannot be fixed by speculation upon them. (*Moore* v. *Goedel*, 34 N. Y. 527; *Kaiser* v. *Hirth*, 46 How. Pr. 161; *Donnelly* v. *Jenkins*, 58 id. 252.) Damages are to be proved and none can be allowed except such as are shown by the proof to be, at least to a reasonable degree, certain. (*Curtiss* v. *Rochester R. R. Co.*, 18 N. Y. 534–542.) This was not a case for exemplary damages. The plaintiff was entitled to recover, in addition to what a jury might award him for his suffering and physical injuries, only his pecuniary loss. (*Drinkwater* v. *Densmore*, 80 N. Y. 390–392; *Theobold* v. *The Railway P. A. Co.*, 26 Eng. L. & Eq. 432.)

*Samuel Morris* for respondent. It was the duty of defendants to see that the hoistway was not left in a condition danger-ous to customers having occasion to visit the premises. This duty devolved upon them independent of the statute imposing it. (*Victory* v. *Baker et al.*, 67 N. Y. 370; *Chapman* v. *Rothwell*, 1 El. Bl. & El. 168; *Inderman* v. *Davis*, L. R., 1 Com. Pl. 274; *S. C.*, 2 id. 311; *Willey* v. *Mullaly*, 78 N. Y. 310; *Jetler* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 158; *Brown*

v. *The Buffalo & State Line R. Co.*, 22 N. Y. 19; *Massoth* v. *D. & H. C. Co.*, 64 id. 532; *Ryan* v. *Thompson*, 38 N. Y. Sup. Ct. 135; *Knupfle* v. *The Knickerbocker Ice Co.*, 84 N. Y. 490; *Devlin* v. *Gallagher*, 6 Daly, 496; *Haegi* v. *P. & N. Y. Steamboat Co.*, 54 How. Pr. 145.) Where a statute warns against a specific danger and enjoins the observance of a specific precaution against that danger, the neglect or failure to observe that precaution must be negligence *per se* if injury comes to another through such neglect. (*Johnson* v. *Bruner*, 61 Penn. St. 58.) The violation of the duty imposed upon the defendants by the express statutory provisions designed to protect human life, if it did not constitute negligence *per se*, certainly authorized the jury to find that such neglect of duty, under the circumstances, was negligence. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 490.) The plaintiff was called upon to exercise only such care as an ordinary prudent man would exercise, placed in his circumstances. (*Sheridan* v. *B. & N. R. R. Co.*, 36 N. Y. 43; 32 Barb. 398; 34 N. Y. 670; *Fort* v. *Whipple*, 11 Hun, 590; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 455; 1 Abb. Ct. of App. Dec. 131; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. 402; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Ingersoll* v. *N. Y. C. & H. R. R. R. Co.*, 6 N. Y. Sup. Ct. 418; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 468; *Massoth* v. *D. & H. C. Co.*, 64 id. 524, 529; *Ireland* v. *O. H. & S. P. R. Co.*, 13 id. 533; *Renwick* v. *N. Y. C. R. R. Co.*, 36 id. 132; *Dolan* v. *D. & H. C. Co.*, 71 id. 285, 288, 289; *Hill* v. *N. Y. C. & H. R. R. R. Co.*, 64 id. 652; *Beisiegel* v. *N. Y. C. & H. R. R. R. Co.*, 34 id. 627; *Oldfield* v. *N. Y. C. & H. R. R. R. Co.*, 14 id. 314; *Brassell* v. *N. Y. C. &. H. R. R. R. Co.*, 84 id. 244; *Cornwall* v. *Mills*, 44 N. Y. Sup. Ct. 50.) The defendants cannot escape responsibility because other parties had the right, in common with them, to use the elevator. (*Creed* v. *Hartman*, 29 N. Y. 591; 8 Bosw. 123; *Slater* v. *Mersereau*, 64 N. Y. 138; *Webster* v. *H. R. R. Co.*, 38 id. 260; *Chapman* v. *N. H. R. R. Co.*, 19 id. 341; *Barrett* v. *Third Ave. R. R. Co.*, 45 id.

628; 8 Abb. [U. S.] 205; *Brown* v. *N. Y. C. R. R. Co.*, 32 N. Y. 597.)

DANFORTH, J.   Certain facts are undisputed.   The plaintiff fell through a hoistway or elevator hole, from the basement into the sub-cellar of premises, No 84 Beekman street in the city of New York, and was injured.   At the time of the accident the building was owned by the estate of one Andrews and was in the actual possession of two firms, Hayden, Gere & Co., and these defendants.   Each firm occupied certain portions of the premises separately, but had a common right to use a shipping-room in the basement and an elevator or hoist-way which was for goods only and ran from the sub-cellar up to the upper floor of the building.   The defendants leased the four upper stories, beginning with the second floor, and includ-ing neither the first story, nor basement or sub-cellar.   The elevator was part of the building, and was moved by power furnished by its owners under the management and control of an engineer employed by them.   Hayden, Gere & Co. used and controlled the residue of the building.   The elevator was not in use by either tenant at the time of the accident, but was raised above the basement and remained near the premises occupied by Hayden, Gere & Co.   How it came there does not appear.

The plaintiff, to make out his cause of action, alleged that the defendants did, at the time stated in the complaint, " negligently and wrongfully leave the hole or hatchway un-covered and unprotected."   Whether this was so, and whether the plaintiff's negligence contributed to the accident, were the questions in the case.   Upon the last, that of contributory negligence on the plaintiff's part, we think it was properly sub-mitted to the jury.   He was bound to make out that he was free from it; but as we are now considering the question as one of law, the plaintiff is entitled to have the evidence con-strued in a manner most favorable to his position.   All that the evidence in any way tends to prove must be deemed as fully proved; every fact which the testimony and reasonable

inferences from it conduce to establish must be assumed to be established. (*Stackus* v. *N. Y. C. & H. R. R. R. R. Co.*, 79 N. Y. 464; *Hart* v. *H. R. Bridge Co.*, 80 id. 622; *Payne*, v. *Troy and Boston R. R. Co.*, 83 id. 572.) The question could not be taken from the jury, nor their conclusion set aside unless the facts were free from every reasonable doubt. (*Totten* v. *Phipps*, 52 N. Y. 354; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451; *Thurber* v. *Harlem Bridge, etc., R. R. Co.*, 60 id. 326.)

The plaintiff was lawfully on the premises. He went to the shipping-room to procure some goods purchased of the defendants. It was not necessary that the place should be the usual one where such business as he had on hand was transacted ; the room was open to, and used by customers, and furnished a means of approach to those parts of the building occupied by the defendants, or a means of communicating with them or their servants. While there he was guilty of no misconduct. Did his conduct indicate negligence as the only and necessary inference from it? He had purchased goods and went for them ; finding no person to make delivery, he moved forward to call through the opening above his head. He had done so before in safety ; this time he fell, the trap-door in the floor having been left open. Did he know there was an opening in the floor, or that there were trap-doors, and, if so, that they were open? The room was dark, and he testified that he had never noticed and did not know that the hoistway extended below that floor. Was his conduct negligent under these and other circumstances surrounding him ? We think no error was committed by the trial judge in holding that the question was for the jury, but as it must, in view of the result we reach upon another proposition, again go before that body, it is inexpedient to discuss the testimony relating to it.

We are of the opinion, however, that the learned trial court erred in leaving the case to the jury, as one in which negligence on the part of the defendants could be found. The evidence referred to by the learned counsel for the respondent to overcome this proposition is as follows: *Hurd*, the engineer

in charge of the machinery, and furnishing power to run it, was asked by plaintiff's counsel, "Do you furnish power to run that elevator?" A. "I do." Q. "Do you have any thing to do with the management of the elevator or car itself?" A. "No more than to see that it is kept in order." Q. "Meaning by that in running condition?" A. "If it breaks down I repair it." Q. "During May, 1878, who used that elevator?" A. "The firm of Perry & Co., and the firm of Hayden, Gere & Co." *Thompson,* a clerk of defendants, was asked, "Did the defendants use the elevator that day?" A. "I can't answer that, sir; I suppose we did, of course." Asked, "Do you know of their using it?" says, "No, sir." Asked, "Now, you had been shipping goods on this day, hadn't you?" A. "I had not; no, sir." Q. "Well, then, had there been goods shipped from the store?" A. "I suppose so." Q. "Don't you know whether there had been or not?" A. "No, sir." Q. "Well, you say you suppose of course that the elevator had been used by the company, or by some person connected with the company; it was used by them pretty much every day, wasn't it?" A. "By ourselves?" Q. "Yes?" A. "Yes, sir." Q. "Can you name any day during that month, except a Sunday or a holiday, that it was not used by you or somebody there?" A. "No, sir." Q. "Do you think there was one?" A. "I can't answer, sir." Q. "Do you think there was?" A. "I can't answer." Q. "Well, you think it was used on that day?" A. "I think it was, as I said."

Nothing more is claimed. It is clearly insufficient to charge the defendant with any act of commission, or with the omission of any duty. It does not appear even that they used the elevator on the day of the accident, or that at any time they left open the trap-doors or failed to guard the opening. The plaintiff, however, relies upon the statute relating to buildings in the city of New York. (Laws of 1874, chap. 547, § 5, p. 736.) By this it is enacted, among other things, that "in any store or building in the city of New York in which shall exist or be placed any hoistway, elevator or well-hole, the openings thereof through and upon each floor of said building shall

be provided with and protected by a substantial railing, and such good and sufficient trap-doors, with which to close the same, as may be directed and approved by the superintendent of buildings ; and such trap-doors shall be kept closed at all times except when in actual use by the occupant or occupants of the building having use and control of the same." He contends that the defendants are chargeable with the care of the elevator, and bound to fulfill the statutory requirement, without regard to the actual use which preceded the injury, and simply because they had the right, as occupants of the building, to employ and use it. We cannot agree with this construction. It might apply if there was but one tenant or occupant, but where there are several, the duty is imposed upon the one occupant, or upon those occupants whose use required the opening and whose disuse of the elevator permitted the trap-door to be closed. Neither can be liable for the negligence of the other. Such is the reasonable construction of the statute, and the respondent refers to no case which makes any other necessary. Neither *Johnson* v. *Bruner* (61 Penn. St. 58) nor *Willy* v. *Mulledy* (78 N. Y. 310) affects the question. In each of those cases the defendant was the wrong-doer. Here the difficulty is, the defendants are not shown to be such. In *Moore* v. *Goedel* (34 N. Y. 527), the plaintiff and defendant occupied premises in common, and being injured by an overflow of water from a closet and washbasin, the plaintiff sought to recover his damages from the defendant. It was held that he could not succeed without showing that the parties sued caused the overflow. Had the defendant been in the exclusive possession of the place from which the overflow came, the court said, "it would probably have been sufficient *prima facie* to have proved the injury and where the overflow occurred."

That remark goes far enough, for it may at least be doubted whether the mere fact that an injury occurs on premises under the control and in the possession of a party, raises any presumption of wrong against him, but applying the principle of that case to the one before us, it would only make each occupant liable for his own negligence, and the statute goes no further.

There can be no presumption of negligence against either occupant (*Moore* v. *Goedel, supra; Kaiser* v. *Hirth,* 46 How. Pr. 161; *Donnelly* v. *Jenkins,* 58 id. 252), and as I have before shown, there is no proof of any on the part of the defendants. Various other questions are presented by the appellant, but those discussed dispose of many of them, and others may not arise upon another trial.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

All concur, except MILLER and TRACY, JJ., absent.

Judgment reversed.