IDA PEIL, Appellant, v. JAMES M. REINHART, Respondent.

In an action to recover damages for injuries received by plaintiff who, as tenant, occupied rooms in defendant's tenement house, from a fall caused by the defective condition of a carpet on a stairway provided by defendant for the common use of his tenants, it appeared that there had been holes in said carpet for several months, to which defendant's attention had been called, and that it was in such condition as to justify apprehension of tripping in using the stairway ; that at the time in question, which was in the evening, plaintiff's foot, where she was descending the stairway, was caught in one of these holes and her fall caused thereby ; that the hall in which the stairway was, was well lighted. A motion for a nonsuit was denied. *Held,* no error; that it could not properly be held, as matter of law, that plaintiff was guilty of contributory negligence ; that it was defendant's duty to keep the stairway in repair and suitable condition for the safe passage of his tenants over it, and he was liable for injuries suffered by them without their fault while properly using the stairway, resulting from a failure to perform this duty.

Plaintiff proved, under objection and exception, the condition of the stair carpet the morning after the accident occurred. *Held,* no error.

The distinction pointed out between the question here and the one which would have been presented, had the staircase been part of the premises demised to plaintiff.

Questions of fact, arising upon a trial of an action at law by a jury, are not reviewable by the General Term, unless a motion has been made for a new trial at Circuit on the minutes, or at Special Term on a case and an appeal taken from the order thereupon made, as well as from the judgment, if one has been entered upon the verdict.

Where such a motion has been made and a new trial denied, an order of General Term reversing it and granting a new trial is not reviewable in this court.

(Argued June 8, 1891; decided June 23, 1891.)

APPEAL from order of the General Term of the City Court of Brooklyn, made April 22, 1889, which reversed a judgment entered upon a verdict in favor of plaintiff and granted a new trial.

This was an action to recover damages for injuries received by plaintiff through the alleged negligence of defendant.

The facts, so far as material, are stated in the opinion.

*George F. Elliott* for respondent. Where a portion of the building is let and the tenant has right of passage-way over stairways and entries, in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control and which he is bound to keep in repair; as to such portions he still retains the responsibility of a general owner to all persons, including the tenants of his building. (*Looney* v. *McLean*, 129 Mass. 33; *Donohue* v. *Kendall*, 18 J. & S. 389; *Neyer* v. *Miller*, 19 id. 516; *Lindsey* v. *Leighton*, 150 Mass. 285.) While previous knowledge, by a party injured, of a dangerous situation, or impending danger, from which a person of ordinary intelligence might reasonably apprehend injury, generally imposes upon him greater care and caution in approaching it, the degree of care required is a question of fact for the jury. (*Down* v. *Fitzpatrick*, 18 Wkly. Dig. 343; *Pomfrey* v. *Vil. of Saratoga Springs*, 104 N. Y. 459; *Looney* v. *McLean*, 129 Mass. 33; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364.) The law holds a person to strict accountability if he holds out inducements or makes promises to repair, upon which a person injured has relied. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 536; *Palmer* v. *Deering*, 93 id. 7.) In proving the condition of the carpet at the time of the accident, the evidence that other persons fell on it at about the same time was not improper. (*Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459; *Quinlan* v. *City of Utica*, 11 Hun, 217; 74 N. Y. 603; *Hoyt* v. *Ry. Co.*, 118 id. 399, 405.) In consideration of the facts upon the reviewing of the exception to the refusal to nonsuit, the evidence is to be viewed in the light most favorable to the plaintiff. (*Harris* v. *Perry*, 89 N. Y. 308, 311.) The evidence descriptive of the stairway and carpets prior to and until the morning after the accident, was unobjectionable; the exceptions to the rulings allowing the evidence are untenable. (*Cowley* v. *People*, 8 Abb. [N. C.] 1, 30; *People* v. *Buddensieck*, 103 N. Y. 488; *Ruloff* v. *People*, 46 id. 213; *Cozzens* v. *Higgins*, 1 Abb. Ct. App. Dec. 453.)

*Fernando Solinger* for appellant. The plaintiff should have been nonsuited because she did not use proper care to avoid the danger. (*Koch* v. *Village of Edgewater*, 14 Hun, 544; *Niven* v. *City of Rochester*, 76 N. Y. 619; *Lanigan* v. *N. Y. G. Co.*, 71 id. 29; *Myers* v. *Burns*, 35 id. 269.) The defendant was not liable for the defect in the stairway, or chargeable with legal negligence to his tenants for its being out of repair. (*O'Brien* v. *Capwell*, 59 Barb. 497; *Flynn* v. *Halton*, 43 How. Pr. 333; *Walker* v. *Swayzee*, 3 Abb. Pr. 136; *McGlashon* v. *Talmadge*, 37 Barb. 313; *Sherwood* v. *Seaman*, 2 Bosw. 130; *Howard* v. *Doolittle*, 3 Duer, 464.) Defendant's negligence was to be determined by what was known before and at the time of the accident. (*Dougan* v. *C. T. Co.*, 56 N. Y. 1.) This court can review questions of law only. (*Griscom* v. *Mayor, etc.*, 12 N. Y. 586; *Dunham* v. *Watkins*, Id. 556; *Oldham* v. *N. Y. & H. R. R. Co.*, 14 id. 321; *Hoyt* v. *Thompson*, 19 id. 208; *Griffin* v. *Marquardt*, 17 id. 28; *Dykers* v. *Allen*, 7 Hill, 49; *Arnold* v. *Robertson*, 50 N. Y. 684; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 329; *Cole* v. *Mann*, 62 id. 336.) When there is a substantial conflict in the testimony, and a motion for a new trial upon the evidence has been made at a Special Term or to the judge at Circuit, and denied, and an appeal from that order taken to the General Term, the question of the weight of evidence is properly before the General Term, and though there be also exceptions in the case, it is impossible to determine from the record that the new trial was granted upon the exceptions alone. The appellant, therefore, in such a case, fails to show that the General Term has committed an error of law in granting the new trial. If granted upon the evidence (the trial having been by jury), its decision is not reviewable in this court. (30 N. Y. 134; *Sands* v. *Crook*, 46 id. 568; *Dickson* v. *B., etc., R. R. Co.*, 47 id. 509, 510; *Downing* v. *Kelly*, 48 id. 437; *Courtney* v. *Bakes*, 60 id. 7; *Snelbley* v. *Conner*, 78 id. 220; *Bronk* v. *N. Y. & N. H. R. R. Co.*, 95 id. 656.)

Bradley, J. The plaintiff as tenant of the defendant, occupied some rooms in a tenement house of the latter, and had access to such rooms by means of a stairway common to the occupants of the building. It appears by the evidence on her part that in descending the stairway in the evening of January 15, 1888, the plaintiff fell and received the injuries complained of; and that such fall was caused by the defective condition of the stair carpet; that the carpet had been in such condition for several months, and that the attention of the defendant had in December previous been called to it by the plaintiff, and he said he would remove it. There was some conflict in the evidence of the parties as to the latter fact, and as to the subject of the injury and its cause, but that there were and for considerable time had been holes in the stairway carpet was not seriously questioned. It was the duty of the defendant to use reasonable care to keep this stairway in repair and suitable condition for the safe passage of his tenants over it in their way to and from their rooms; and for failure to do so he was chargeable with liability for injuries suffered by them without their fault while properly using it for such purposes. (*Looney* v. *McLean*, 129 Mass. 33; *Lindsey* v. *Leighton*, 150 id. 285; *Donohue* v. *Kendall*, 18 J. & S. 386; *Neyer* v. *Miller*, 19 id. 516.) The conclusion was warranted by the evidence that the condition of the carpet was such as to justify apprehension of danger of tripping in passing upon the stairway, and that at the time in question the plaintiff's foot was caught in a hole in the carpet, thus causing her fall and injury; and that the defendant was chargeable with negligence for permitting it to remain in such condition, and with its consequences to the plaintiff, unless her negligence contributed to the injury which she sustained. It is urged that as she was cognizant of the situation and the hall of the stairway was well lighted by a lamp, her fall was necessarily attributable to the fault or negligence of the plaintiff. Her previous knowledge of the condition of the passage-way on the stairs imposed upon her the duty to exercise a greater degree of care than otherwise may have been required of her in passing over them; but she

was not required to desist from using the stairway by reason
of the ruptures in the carpet. And while the question may
have been a close one of fact, it could not properly be held as
a matter of law that the plaintiff was guilty of contributory
negligence, and, therefore, the motion for nonsuit was properly
denied. (*Palmer* v. *Dearing,* 93 N. Y. 7; *Looney* v. *McLean,*
129 Mass. 33.) The question presented would have been quite
different if the staircase had been part of the premises demised
to the plantiff. Then the evidence may not have warranted a
recovery by her, and many of the cases cited by the defendant's
counsel would have been applicable; but the stairway was not
under the control of any of the tenants, it was provided
by the defendant for the common use of those having occasion
to pass to and from the rooms which they occupied as his
tenants. And the weight of the evidence bearing upon the
question of negligence of the defendant or of contributory
negligence of the plaintiff, is not here for consideration. The
appeal to the General Term having been taken only from the
judgment entered on the verdict, presented there for review
questions of law only, dependent upon exceptions. To review
in General Term questions of fact arising upon a trial of an
action at law by jury, it is essential that a motion be made for a
new trial at Circuit on the minutes, or at Special Term on a case,
and that an appeal be taken from the order thereupon made as
well as from the judgment, if one has been entered upon the
verdict. (*Wright* v. *Hunter,* 46 N. Y. 409.) And in such case
an order reversing that, denying a new trial and granting it, is
not reviewable in this court. (*Harris* v. *Burdett,* 73 N. Y. 136.)

There was no error in the reception of the evidence of the
condition of the stair carpet the morning following the injury,
as without proof to the contrary it was reasonable to assume
that its then condition was substantially the same as at the
time in question.

The order should be reversed and the judgment entered on
the verdict affirmed.

All concur.

Order reversed and judgment affirmed.