BISHOP *v.* HENDRICKSON *et al.*

(*City Court of Brooklyn, General Term.* December 29, 1891.)

TROVER AND CONVERSION—IRRELEVANT TESTIMONY.

In an action for the conversion of an infant's christening robe, a witness testified that the value of such a robe, borrowed from plaintiff by witness 32 years before, was nearly $5,000. There was no evidence to show that witness had ever seen the robe in controversy. *Held*, that the court erred in denying a motion to strike out the testimony of the witness.

Appeal from trial term.

Action by Eleanor F. Bishop against Thomas H. Hendrickson and another, executors, etc. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before CLEMENT, C. J., and OSBORNE, J.

*H. C. M. Ingraham,* for appellants. *Saml. H. Randall,* for respondent.

CLEMENT, C. J. We have not the power, on the record before us, to review the questions of fact. No order was entered denying the motion for a new trial on the minutes, and the appeal is taken from the judgment only. *Piel* v. *Reinhart,* 127 N. Y. 381, 27 N. E. Rep. 1077. Anna Chamberlain was called as a witness for the plaintiff, and asked to describe a christening robe borrowed by her from the plaintiff. The testimony was objected to as irrelevant and immaterial. The learned judge said: "Of course, they have

to connect it with the one delivered; if not, it will be deemed stricken out."
The defendants excepted, and the witness gave a description; and then, un-
der exception, stated that the lace upon it cost very nearly $5,000. On cross-
examination, the witness testified that she never saw the robe but once, and
that was 32 years ago. This action was brought for conversion of a large
number of articles, and the most valuable one was an infant's robe, and the
counsel for plaintiff offered the testimony to show the value of the robe, and
failed to prove that Mrs. Chamberlain ever saw the one in question. The
counsel for the defendants moved to strike out the testimony, which motion
was denied. We think it was error to admit the testimony of Mrs. Chamber-
lain on this point, and it seems clear that her testimony was prejudicial to
the case of defendants. The verdict was much less than the value of the
robe as testified to by the witness, and we cannot determine how much the
jury awarded as its value. It is contended on the appeal, by the counsel for
the plaintiff, that the testimony was relevant and material, and we have no
doubt that he so claimed before the jury. Judgment reversed, and a new
trial granted; costs to abide the event.