### BRADY v. VALENTINE.

(City Court of Brooklyn, General Term. January 25, 1893.)

LIABILITIES OF LANDLORD—DANGEROUS PREMISES.

Where the owner of a tenement house, the halls and stairs of which are in his control, allows the stairs and banister to become badly out of repair, which was unknown to plaintiff, a visitor of a tenant, and such visitor was injured by a step breaking and the banister giving way, the jury were justified in finding that plaintiff's injuries were caused by the owner's negligence, and without contributory negligence of plaintiff.

Appeal from special term.

Action by James Brady against Henry E. Valentine. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before VAN. WYCK and OSBORNE, JJ.

Purrington & Shannon, for appellant.
Coxe & Stratton, for respondent.

VAN WYCK, J. It is established by the evidence, or can be fairly inferred therefrom, that the defendant owned the tenement house mentioned in the complaint; that the halls and stairs thereof were in his charge, care, and control; that the banister of the second flight of stairs was badly out of repair, and the second step from the top of that flight had worn so thin as to render it liable to spring and break off under the pressure of the foot, all of which the defendant knew; that the plaintiff and his sister, a tenant in this house, whom he was visiting, were not aware of such dangerous condition of this step and banister; that plaintiff, while coming down the stairs, put his foot on this step, which sprang and broke off under such pressure, and, when he caught hold of the banister in an effort to save himself, it gave way to such an extent as to throw him down the stairs, inflicting upon him most serious injuries. We think the court properly submitted the case to the jury, who were fully justified in finding that plaintiff's injuries were caused by the negligence of defendant, and without contributory negligence of the former. Peil v. Reinhart, 127 N. Y. 381, 27 N. E. Rep. 1077; Laws 1888, c. 583, tit. 14, § 26; Willy v. Mulledy, 78 N. Y. 310; McRickard v. Flint, 114 N. Y. 222, 21 N. E. Rep. 153. We see no reason to disturb the verdict on the suggestion that the weight of evidence is against it, or that the damages are excessive, for the suggestion, in both instances, is unfounded. Error cannot be predicated upon any of the other exceptions called to our attention.

Judgment and order must be affirmed, with costs.