(10 Misc. Rep. 711.)

### ROE v. CRIMMINS.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

DANGEROUS PREMISES—CONTRIBUTORY NEGLIGENCE.

    While plaintiff was standing in a street within two feet of an unguarded trench dug by defendant, looking at the election returns displayed at certain newspaper offices, a passing car caused the crowd to surge, and he was pushed into the trench. He had been standing near the trench about

an hour and a half. *Held*, that plaintiff had voluntarily exposed himself to the danger, and could not recover for the injury resulting therefrom. 28 N. Y. Supp. 750, reversed. Bischoff, J., dissenting.

Appeal from city court, general term.

Action by William Roe against Thomas E. Crimmins to recover damages sustained by plaintiff through the alleged negligence of defendant in maintaining an open and unguarded excavation in Park Row, near Frankfort street, in the city of New York, during the construction of the Third Avenue Cable road. From a judgment of the city court (28 N. Y. Supp. 750) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas S. Moore, for appellant.
Edgar J. Nathan, for respondent.

DALY, C. J. The principle of law firmly established in this state, and recently stated by this court, that "one who knows of a danger from the negligence of another, and understands and appreciates the risk therefrom, and voluntarily exposes himself to it, is precluded from recovering for an injury which results from the exposure" (Robinson v. Railway Co., 5 Misc. Rep. 209, 25 N. Y. Supp. 91), seems to be particularly applicable to the case of this plaintiff. On the night of November 8, 1892, he went to Park Row, to look at the election returns displayed at the newspaper offices, and took up a position in the middle of the street, within two feet of an open, unguarded trench, along with a constantly increasing crowd of persons, ultimately numbering many thousands. He stood between the trench and a car track, and, whenever a car approached, the crowd surged or rushed to get out of the way. After he had stood on the spot about an hour and a half, the crowd, in one of its rushes, pushed him into the trench, and he thereby sustained the injuries for which he sued.

There is no question that the plaintiff voluntarily exposed himself to an obvious risk. He saw the trench as soon as he reached it. It was dug for the purpose of laying the cable of the Third Avenue Street Railroad, and was eight feet wide, six feet deep, and running for some distance up and down the street, and was, according to his testimony, unprotected and unguarded at the point where he stood, although 20 feet away there was a fence to it. He chose the position he occupied in order to see the bulletins of both The World and The Sun newspapers. When he first arrived at the spot, "there was not much of a crowd"; and "the crowd commenced to come, so that there might have been fifteen or twenty thousand persons. The whole of Park Row was full of people cheering and crowding." The plaintiff remained with this excited crowd about him, which was surging and rushing to get out of the way every time a car passed, and he knew that, if the crowd pushed his way, he must be precipitated into the trench beside which he stood, with no power, as he admits, to protect himself except to catch hold of some one, which he tried to do, but missed, at the time he sustained his injury.

We look in vain for any evidence of care on plaintiff's part to guard against the danger to which he knew he was exposed. "It is a fundamental principle in the law of this state that in an action for a personal injury, based upon the negligence of the defendant, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, either by direct proof or by circumstances." Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780. In the case last cited, the court of last resort felt bound to set aside a recovery against the city of Troy for damages sustained by the plaintiff in slipping upon the ice in the public street. The court held that the negligence of the city was made out, but that the judgment could not be affirmed without making a precedent for overturning the rule above quoted; that, if the plaintiff discovered the ridge of ice, she might, by using due care, have kept on her way, but could not heedlessly disregard the precaution which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed. While there might have been little or no danger when plaintiff took up his position near the trench, owing to the smallness of the crowd which had then gathered, the peril increased as the crowd increased, and its irresistible motion became inevitable; and yet he remained there an hour, next to the open excavation, and his continuance in the place of danger was an absence of all care, which must defeat his recovery, for the risk was voluntarily assumed. No precaution was taken for self-protection, and there was a complete failure to establish an essential of his action, viz. the absence of contributory negligence.

The judgment should be reversed, and a new trial ordered, with costs to appellant of the appeal and the former trial, to abide the event of the action.

PRYOR, J., concurs.

BISCHOFF, J. (dissenting). In this action the plaintiff claimed and recovered damages for injuries sustained by reason of his having fallen into an excavation in a public street, the excavation having been made by the defendant, and alleged to have been negligently maintained, in that no barricades surrounded it at the point where the accident occurred. No claim is made that the facts in evidence, assuming that there was a question for the jury, failed to justify a recovery against the defendant, or to support the verdict rendered, the appellant relying upon the exception taken to the denial of the motion for a dismissal of the complaint, upon the ground that contributory negligence had been established as a matter of law. The facts essential to this question were that the plaintiff's fall into the excavation had been caused by the pressure against him of a large crowd of persons; that, prior to the accident, he knew of the existence of the excavation, and of its unprotected condition, and voluntarily maintained a position two feet distant from its edge. It appeared that there was but a small assemblage of persons about him at the time he took the position noted, but that their number greatly increased thereafter; and, owing to a certain condition of traffic in

the street, this crowd surged continually, but, until the movement which caused the accident occurred, the plaintiff had not been impelled towards the open trench at any time. Under these circumstances, I think that the question of the plaintiff's contributory negligence was properly submitted to the jury, since from the facts a sufficiently reasonable inference could be drawn that such care as the situation called for was exercised by him. In order to authorize a determination by the court of the issue of negligence, the facts shown must lead to but one conclusion, and with no conflict as to the inferences which may be drawn therefrom (16 Am. & Eng. Enc. Law, p. 465 et seq., and cases cited; Cochran v. Dinsmore, 49 N. Y. 253; Weiler v. Railroad Co., 53 Hun, 372, 376, 6 N. Y. Supp. 320; Harris v. Perry, 89 N. Y. 308, 312; Atkinson v. Abraham, 45 Hun, 238); and to my mind the facts in this case fail to lead irresistibly to the conclusion contended for.

The point might perhaps be raised that the plaintiff, in becoming one of a crowd of persons whose presence unlawfully obstructed the street, could not be heard to complain of any injury resulting while he was in the position thus unlawfully assumed, and that the exception to the denial of the motion to dismiss the complaint should present error in this aspect. The rule with regard to the effect of a violation of a general law or special ordinance by an individual upon his recovery for injuries sustained by reason of another's negligence, where such violation is in some manner associated with the fact of the injury, but is independent of a duty owing to the party complained of, may be stated to be that, if he founds his action upon his breach of law, he cannot succeed, and, if the unlawful act is a proximate cause of the injury, then it is to be viewed as contributory negligence, and the action would necessarily fail. Platz v. City of Cohoes, 89 N. Y. 219; Steele v. Burkhardt, 104 Mass. 59; Norris v. Litchfield, 69 Am. Dec. 549; Johnson v. Patterson, 35 Am. Dec. 96; Kerwhacker v. Railroad Co., 62 Am. Dec. 246; Daly v. Railroad Co., 26 Conn. 591; Marble v. Ross, 124 Mass. 44; Birge v. Gardner, 50 Am. Dec. 261. The case of Railroad Co. v. Munger, 5 Denio, 266, 267, 4 N. Y. 349, and similar cases dealing with the effect of a trespass by cattle upon the tracks of a railroad, are readily distinguishable from the cases above cited, for there the trespass was properly taken as the immediate cause of the injury, and the owner's act in permitting the animals to wander to be contributory negligence. The court in Norris v. Litchfield, supra, failed to note the distinction, and disapproved of the rule thought to have been laid down in such cases; but the general proposition enunciated in that case was approved by the court of appeals in Platz v. City of Cohoes, supra.

It cannot be said that in the case at bar the plaintiff's act in becoming one of the crowd which obstructed the street was, as a matter of law, a proximate cause of his injury. It was not to be assumed that this act would reasonably lead to his being precipitated into the excavation, and therefore the question of contributory negligence in this aspect, as in others, was for the jury. Nor was the action based upon the plaintiff's breach of the law. He claimed through a violation of his rights when in the public street as an individual, not as one

·of the crowd; the violation of such rights by the defendant's negligence being the basis of the action, independent of the facts incidentally appearing with regard to the presence of the assemblage. In principle the case is analogous to Steele v. Burkhardt, 104 Mass. 59.

Error is further assigned to the refusal of the trial judge to charge that, "if the jury find that the plaintiff willfully swore falsely upon any material point, they should disregard his entire testimony"; an exception having been taken to the court's modification of the request as follows: "With this modification that you have the right, it is your province, and you may disregard the whole of the testimony, or any part thereof." While there has been some conflict of authority with regard to the question whether the jury should be instructed to disregard the testimony of a witness whom they find to have sworn falsely, or whether they should be permitted to consider his testimony, if it should seem best to them, in connection with the other evidence presented, leaving the final determination as to the weight of the evidence in support of the judgment to the tribunal whose province it is to thus review the case, the latter rule appears to accord with better reason (Lee v. Chadsey, *41 N. Y. 545; Dunn v. People, 29 N. Y. 529; Deering v. Metcalf, 74 N. Y. 507); and the question has so been conclusively settled by the court of last resort in People v. O'Neil, 109 N. Y. 266, 16 N. E. 68, where the doctrine of Dunn v. People, supra, was fully confirmed.

The final point made is that the court erred in excluding testimony whereby the condition of the trench upon the morning after the accident was sought to be shown, and the appellant relies upon the case of Peil v. Reinhart, 127 N. Y. 385, 27 N. E. 1077. It was there held, in a case where the condition of a stair carpet in that portion of a tenement house which was used by the tenants as a passage in common was in issue, that "there was no error in the reception of the evidence of the condition of the stair carpet the morning following the injury, as, without proof to the contrary, it was reasonable to assume that its then condition was substantially the same as at the time in question." If it be conceded that the sound condition of railings placed around a trench in a public street could be established by proof of their subsequent appearance, and this with the degree of reasonableness which would be found in the attempt to establish the ragged and worn-out condition of a stair carpet in a tenement house by proof of its condition the morning following the particular time in question, the authority cited would necessarily be conclusive in support of the point raised. But many points of distinction are to be found between the two cases, and, moreover, the question whether the condition of a locality, or of any article, at a certain time, may be proven by evidence of its condition at a time subsequent, is necessarily to be determined with regard to the value of the proof offered, considered in the light of the other facts in the case. So a ruling of the court in any case in this regard upon a particular state of facts where all of the facts do not appear, as in Peil v. Reinhart, supra, cannot be taken as applicable to every other case where such proof is offered. Thus, in People v. Buddensieck, 103 N. Y. 500, 9 N. E. 44, proof as to the subsequent condition of a fallen building was received where the other

evidence provided proper foundation for its reception. Similarly, in Ruloff v. People, 45 N. Y. 224, it was held that the facts justified the admission in evidence of a photograph of a corpse, for purposes of identification. And in Stodder v. Railroad Co., 50 Hun, 221, 226, 2 N. Y. Supp. 780, there being proof as to a certain unchanged condition of a railway switch, the court held that such unchanged condition could properly be shown as existing after the accident which was the subject of that action. But in Village of Port Jervis v. First Nat. Bank, 96 N. Y. 560, a case similar to that at bar, it was held that evidence of the condition of railings around an excavation at a time one day later than the day of an accident was not to be received as proof of their condition at the time of such accident; and, in the absence of a proper foundation for the proof offered in this case, we hold this last-cited authority to avail in support of the ruling made below.

The exceptions thus failing to present error, the judgment should be affirmed, with costs.