JUSTYNA DYDKIEWICZ, as Administratrix, etc., of NICHOLAS DYDKIEWICZ, Deceased, Respondent, *v.* UNTERBERG REALTY CORPORATION, Appellant.

First Department, February 3, 1928.

**Negligence — action to recover for death of window cleaner who fell from sixteenth floor of building while at work — negligence based on defective bolt to which belt was attached — error to reject testimony by officer of defendant as to examination of bolt made four hours after accident — error to refuse to charge that if bolt was defective and defect was obvious decedent was negligent.**

Decedent, a window cleaner, fell from the sixteenth story of defendant's building while he was at work. Negligence is based on a defective bolt to which the supporting belt of the decedent was attached while he was at work cleaning the window.

It was error for the court to reject testimony on the part of an officer of the defendant that he examined the bolts on the window in question about four hours after the accident and that there was no defect therein. An employee on the floor at which the accident happened testified that between the time of the accident and the time when she left her employment on that floor several months later she had not seen any repairs made to the bolts. If that was not sufficient foundation, still the jury, in view of the fact that the bolts were imbedded in the masonry, could infer that four hours was insufficient time in which to imbed new bolts.

Notwithstanding there was some other evidence to the effect that the bolt was not defective, still it was prejudicial error to strike out the testimony in question, for the witness was not only an employee of defendant but also an officer and he made his inspection in the regular course of his duties.

The defense was contributory negligence. The principal charge by the court dealt generally with the subject of contributory negligence. It was error, therefore, for the court to refuse to charge that if the jury should find that the bolt was defective and that the defect was obvious, and that deceased in the exercise of reasonable care should have seen the defect, he was guilty of contributory negligence.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of March, 1927, and also from an order entered in said clerk's office on the 10th day of March, 1927.

First Department, February, 1928.          [Vol. 222

*Barnett Cohen* of counsel [*Edgar J. Nathan, Jr.*, with him on the brief; *Frank J. O' Neill*, attorney], for the appellant.

*Harold R. Medina* of counsel [*Fred Harrington* and *Edward Gluck* with him on the brief; *William Karlin*, attorney], for the respondent.

O'MALLEY, J. Plaintiff's intestate, a window cleaner, was killed by falling to the sidewalk from the sixteenth floor of defendant's building, which is located at the northwest corner of Twenty-fifth street and Fourth avenue. Plaintiff's evidence tended to show that her intestate fell from the eighth window westerly from Fourth avenue, and that his fall was due to a defective bolt to which he attached the clip at one end of his safety belt. The head of this bolt, according to the plaintiff's evidence, had by constant use over a period of years or for other cause or causes, become worn and reduced in size, so that it failed to hold the clip and permitted it to slip over the head of the bolt when the deceased rested his weight on his safety belt. An eye witness called by the plaintiff testified that he saw the deceased attach the clip on the left side of his belt to the bolt at his left, and then rest his weight against the belt preparatory to attaching the clip on the other end of his belt to the double bolts on the right of the window. He fell before he could make the attachment on the right.

The defendant's evidence tended to show that the deceased fell, not from the window designated by the plaintiff's witness, but from a window which was equipped on both sides with double bolts and that the safety belt worn by plaintiff's intestate was not adapted for attachment to double bolts, but rather to a single bolt. Its claim was that the accident was due to the negligence of plaintiff's intestate in not having provided himself with a proper appliance for use on windows equipped with double bolts. In addition defendant's evidence also tended to show that even though the jury believed that the plaintiff's intestate fell from the eighth window, there was no defect in the single bolt to which the plaintiff claimed her intestate attempted to fasten his belt.

There was sufficient evidence adduced by the plaintiff to support *prima facie* her claim that her intestate fell from the eighth window; to show a defect in the bolthead in question and a causal relation between such defect and the accident. So, too, there was sufficient evidence tending to show constructive notice of such defect to the defendant, and sufficient evidence of negligence on its part in failing to maintain this bolt in a reasonably safe condition for the use and purpose for which the law required its maintenance.

But notwithstanding that the issue of the defendant's liability

has sufficient support in the evidence, we feel constrained to reverse because of two prejudicial errors. One relates to testimony improperly stricken from the record, and the other to a refusal to charge a proper request of defendant's counsel on the question of contributory negligence.

The accident happened at ten o'clock in the forenoon. One Powell, the defendant's vice-president and general manager, examined the bolt in question at two o'clock in the afternoon of the same day, and at such time found it to be without defect of any kind. Upon the motion of plaintiff's counsel his testimony was stricken from the record upon the ground that no proper foundation had been laid by proof of no change in condition between the hour of the accident and the time when the witness made his examination. At the time of the motion one witness who was employed by the tenant of the loft on the sixteenth floor, had testified that between the date of the accident, June 2, 1924, and July, 1926, when she discontinued her employment with the tenant on the sixteenth floor, she had seen no changes made in any of the bolts on the windows on the sixteenth floor and had never seen any one working on the bolts. However, if it be assumed that such evidence did not furnish sufficient foundation, we still believe that the evidence stricken out was competent. The bolt in question was imbedded in the masonry at the time of the construction of the building. In these circumstances the jury would be justified in the inference that insufficient time had elapsed to permit of the substitution or repair of the defective bolt. In *Peil* v. *Reinhart* (127 N. Y. 381, 385), where it was held proper to receive evidence of the condition of a stair carpet the morning following the accident, the court justified the admission of such evidence upon the ground that " without proof to the contrary it was reasonable to assume that its then condition was substantially the same as at the time in question."

Respondent urges that, assuming that this testimony was improperly stricken from the record, the error was harmless for the reason that there was subsequently introduced by the defendant other evidence tending to show that there was no defect in the bolt at the time of the accident. It is to be borne in mind, however, that the testimony stricken out was given by a witness who made an inspection of all window bolts on the sixteenth floor immediately following the accident. He was not only an employee of the defendant, but also an officer and he made his examination and inspection in the course of his duties. We think, therefore, it cannot be said that the defendant was not prejudiced by being deprived of the benefit of his testimony.

As already indicated, the defendant made claim that the accident

was due entirely to the negligence of plaintiff's intestate. The court in its main charge instructed only generally upon the subject without any reference to the facts or the duty of the plaintiff's intestate under the particular circumstances of the case. At the close of the charge defendant's counsel made the following request: " I ask your Honor to charge the jury, if the jury find from the evidence that the bolt complained of was defective and that such defect was open and obvious and easily seen by one looking to see, and that the deceased in the exercise of reasonable care should have seen such defective condition, they may consider that as contributory negligence on the part of the deceased." This request was refused and an exception duly noted.

Respondent's counsel with commendable frankness conceded upon the argument that the request was proper in the circumstances of this case and that the defendant was entitled to have the benefit thereof. He urges, however, that he thinks the question of contributory negligence was sufficiently covered in the main charge. With this we are unable to agree for the reasons already indicated. We have reached the conclusion, therefore, for the reasons indicated, that the judgment must be reversed and a new trial ordered.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.