PREMIUM POINT COMPANY, Appellant, v. THE EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent.— In an action to recover $499.17, which plaintiff alleges is due as defendant's proportionate share of the cost of maintaining certain improvements to real property, pursuant to covenants contained in a deed to defendant's predecessor in title, order of the County Court, Westchester County, denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

JOSEPH SCANNA, Respondent, and ROSE SCANNA, Plaintiff, v. NATIONAL TRANS-PORTATION CO., INC., Appellant, and MICHAEL CAMUL, Defendant. JOSEPH SCANNA, Plaintiff, and ROSE SCANNA, Appellant, v. NATIONAL TRANSPORTATION CO., INC., Respondent, and MICHAEL CAMUL, Defendant.— The action was brought by plaintiff-respondent Joseph Scanna to recover damages for personal injuries, and by plaintiff-appellant Rose Scanna to recover for property damage, sustained in a collision between two motor vehicles at a street intersection and alleged to have been caused by the negligence of defendant National Transportation Co., Inc. Defendant transportation company appeals from a judgment entered on plaintiffs' motion on November 9, 1940, in favor of plaintiff-respondent. That judgment in so far as it adjudges that plaintiff-respondent recover against defendant transportation company is unanimously affirmed, with costs in favor of plaintiff-respondent. Plaintiff Rose Scanna appeals from that part of the same judgment which dismissed her complaint without prejudice, and from another judgment entered in the same action on the same day on defendant transportation company's motion, which awards said defendant costs against plaintiff Rose Scanna. The first mentioned judgment, entered on plaintiffs' motion, in so far as it dismisses the complaint of plaintiff Rose Scanna, and the last mentioned judgment, entered on defendant transportation company's motion, are reversed on the law and a new trial granted of the cause of action of plaintiff Rose Scanna, with costs to abide the event. Under the circumstances of this case, it was error to exclude the testimony of the police officer as to the condition of plaintiff Rose Scanna's automobile approximately three and one-half hours after the collision. (Cf. *Peil* v. *Reinhart*, 127 N. Y. 381; *McCulloch* v. *Dobson*, 133 id. 114; *Dydkiewicz* v. *Unterberg Realty Corporation*, 222 App. Div. 485.) Order (315-A E.) entered on December 2, 1940, denying motion of plaintiff Rose Scanna to stay the taxation of costs and to vacate a previous *ex parte* order entered on October 21, 1940, modi-. fied on the law by granting the motion to the extent of vacating those portions of the *ex parte* order which direct a dismissal of the complaint of said plaintiff and permit the entry of judgment against her, with costs. As so modified, the order is affirmed, without costs. We do not determine the question of the right of defendant transportation company to recover costs of the action against plaintiff Rose Scanna. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.