Conway, Ch. J.
This action was brought to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses incurred by his father as a consequence of the injury suffered by the infant plaintiff when a can of ashes fell on him from an ash can hoist, while he was helping the operator of the hoist.
The complaint alleges, in substance, that Ora Realty Corporation, the corporate defendant, (hereinafter referred to simply as defendant) owned and controlled a tenement house known as 1600 Nelson Avenue, The Bronx, New York; that it employed the defendant ‘ ‘ William Smith” (name fictitious) as superintendent or janitor; that part of his duties consisted of the *391 removal of ashes from the basement to the sidewalk through a shaftway leading from the basement to the street; that the infant plaintiff was lawfully in the entrance to the basement, at or near the shaftway, at the invitation and request of defendants, and while present thereat, was felled and seriously injured by a loaded ash can which the janitor or superintendent had dislodged from a hoist used to remove the ashes.
At the close of the plaintiffs’ case, defendant moved to dismiss the complaint and decision was reserved. Thereupon, defendant rested its case, without introducing testimony and renewed its motion to dismiss the complaint, which the court granted upon the ground that there was no proof that more than one person was required to operate the hoist, nor that there was any express or implied authority to request assistance from others, nor that the corporate defendant acquiesced in any course of conduct practiced by the person who customarily removed the ashes.
The Appellate Division affirmed upon the ground that the record is without any proof that defendant’s employee, an unidentified person, was authorized to use the assistance of anyone else, or that such authority might be implied from the duties to be performed; that there was no proof of the duties or responsibilities of the employee nor of any authorization to him to use assistance and that it had not been made clear how many persons were employed at the premises, an important factor in determining implied authority to use assistants.
On this appeal it is plaintiff’s contention that there was proof of actionable negligence on the part of the defendant and freedom from contributory negligence on the part of the infant plaintiff.
There is evidence in the record to the effect that on the day of the accident, as the infant plaintiff, then thirteen years of age, and his twin brother passed along the street in front of the shaftway at 1600 Nelson Avenue, an employee of the building threw up a rope and told the boys to catch it, which they did; that the employee asked their assistance in hoisting loaded ash cans from the cellar of the building to the sidewalk; that they went to the basement at the employee’s suggestion; that the employee told plaintiff to roll the ash cans over to Ms brother Frank so that Frank could insert the hooks attached to the rope into the handles of the ash cans; that the employee *392 who had gone to the street then proceeded to hoist the cans to the street level; that after several cans had been hoisted, the boys came to a can from which the handles were missing; that after speaking to the employee (plaintiff was not permitted to tell what was said) plaintiff’s brother attached the hooks to some holes or indentations at the rim of the can and, while such can was being hoisted by the employee, it fell and struck the infant plaintiff.
We are in agreement that the foregoing evidence raises questions of fact as to whether the employee was guilty of negligence (a) in failing to warn the infant plaintiff of the danger connected with the work of hoisting the cans, (b) in failing to supervise properly the fastening of the rope to the can that caused the infant plaintiff’s injury, and (c) in the manner in which he hoisted such can. We think it obvious that the evidence does not show the infant plaintiff to have been guilty of contributory negligence as a matter of law.
There is also evidence in the record to the effect that the same employee, who had worked about the premises for ‘ ‘ Quite a few months ”, had been using neighborhood boys to assist him in removing ashes for at least two or three months before the accident. The woman described by one of the tenants as the ‘1 landlady ’ ’, or her sons, visited the building to collect rents. Indeed, there is evidence that “ Sometimes she used to be there every day * * This practice by the employee, being performed in broad daylight on a public street, and in and on the defendant’s premises, was open and notorious. We think it would not be unreasonable for a jury to infer, from all of the evidence in this record, that defendant’s employee — his title is, of course, of no moment — was in charge of the building and that defendant knew, or should have known, of the employee’s long-standing practice of seeking young boys to aid him in the performance of his duties. Hence, a jury could properly conclude that, being aware of the employee’s practice, defendant authorized or at least acquiesced in such practice. Furthermore, a jury would have been justified in inferring that, under the circumstances, the nature and extent of the work of hoisting ash cans from the basement to the street above required assistance, and that defendant, in failing to supply such assistance authorized, or at least made necessary, the employee’s practice of seeking the aid of young neighborhood boys. That *393 is, a jury could have concluded that it was either impossible or impractical for one man to remove the ashes, that the proper operation of the hoist required assistance and that the building-employee, being in charge of the building, could properly seek such assistance.
The trial court should have permitted the introduction of evidence of the condition of the ash cans on the day following the accident since, “ without proof to the contrary it was reasonable to assume that its then condition was substantially the same as at the time in question.” (Piel v. Reinhart, 127 N. Y. 381, 385.)
Accordingly, the judgment should be reversed and a new trial granted, with costs to abide the event.
Desmond, Dye, Fuld, Froessel and Burke, JJ., concur; Van Voorhis, J., taking no part.
Judgment of Appellate Division and that of Trial Term reversed and a new trial granted, with costs to abide the event.