Jewett, J.
 

 (after stating the pleadings and the facts of the case.) — There is no question, but that the party who actually did the injury complained of, was the porter; and unless the relation of master and servant existed between him and the defendants, at the time, the act of the former, however careless, could not create any liability in the latter. The correctness of this principle was apparently recognised by the judge in his charge to the jury; for he stated to them what facts, if found from the evidence, would, for the time being, constitute that relation between the defendants and the porter, and the consequences which would legally follow; and the material question to be determined, is, whether the judge
 
 *412
 
 did or not err, in charging the jury, on that point, as matter of law, that if the defendants knew that the porter' went, or permitted him to go, into the loft of their store, to get the box down, it would constitute him their agent and servant, while so engaged, so far as to render them liable for the consequences of his carelessness in getting the box down.
 

 The defendants had sold to the Messrs. Plum the box in question, in the loft, to be sent for and removed by their porter from the loft for them. The defendants were under no obligation, under the circumstances, to lower the box from the loft to the street, for the purchasers ; nor is there any evidence that they assumed to do it. They knew that the porter of Plum had come to take the box away, and consented that he might go into *the loft of their store, where it was, to enable -* him to discharge his duty to his employers in that respect. The defendants did not employ the-porter to do the act, in point of fact, nor did he assume to act as their agent or servant, in that respect, but as the servant of Plum, in whose service, in fact and in law, he was. The defendants could not be rendered liable for the negligent acts of the porter, by virtue of the principles applicable to the relation of master and servant, unless that relation, in fact, subsisted. Knowing and permitting the porter to go into the loft to get the box, being, in fact, at the time, the servant of Plum, and actually acting in his employment, did not constitute the porter, in any degree, the agent or servant of the defendants, while engaged in removing the box. The relation of master and servant cannot be created, but by contract, express or implied, -between the master and servant.
 

 The defendant, therefore, without evidence of such relation subsisting between them and the porter, could not, upon any principle, be rendered liable for the consequences of his negligent acts while so engaged. . In
 
 *413
 
 that respect, I think it quite clear, that the judge erred in his charge to the jury; and I also think, that the exception to his refusal to charge as requested was well taken; the proposition requested to be charged was obviously correct.
 
 (Laugher
 
 v.
 
 Pointer,
 
 5 B. & C. 547;
 
 Quarman
 
 v.
 
 Burnett,
 
 6 Mees. & Welsb. 499;
 
 Milligan
 
 v.
 
 Wedge,
 
 12 Ad. & E. 737; Story’s Agency, §§ 452,453,456;
 
 Rapson
 
 v.
 
 Cubitt,
 
 9 Mees. & Welsb. 710;
 
 Sproul
 
 v.
 
 Hemmingway,
 
 14 Pick. 1; Reeve’s Dom. Rel. 310.)
 

 The judgment should be reversed, and a new trial granted, costs to abide the event.
 

 Judgment reversed, and new trial awarded.
 

 Watson, J., dissented.