(8 Misc. Rep. 310.)
                    SLATER v. ADLER.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

LANDLORD AND TENANT—LIABILITY OF TENANTS TO EACH OTHER.
    A tenant of part of a building is liable to a tenant on the floor below
    for damages caused by water running from a stopcock left open on his
    premises.

Appeal from eighth district court.

Action by James W. Slater against Ernest N. Adler for damages. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Leon Lewin, for appellant.

James F. Higgins, for respondent.

BOOKSTAVER, J.    This action was brought to recover damages caused by the negligence of the appellant or his servants in permitting water to overflow from his premises down and upon and over the stock and machinery of plaintiff's assignors. From the case, it appears that the appellant occupied the top loft, and respondent's assignors the loft beneath, at No. 5 Dutch street, in this city, and that on the night of the 30th of November, 1893, certain police officers discovered water running from the appellant's premises on those of the respondent's assignors, causing injury to the stock of the latter. Where there are two tenants in occupation of the premises, one being above the other, while it is true that there is no contractual relation between them, yet each is bound to see to it that no injury shall happen to the other by reason of any negligence on his part. The case shows that there may have been a stopcock on the floor occupied by respondent's assignors, which could be reached by both them and the appellant, yet the evidence makes it clear that there was also a stopcock on the floor of the appellant's premises, and that the water which ran on the respondent's flowed through that stopcock into barrels, from which there was a waste pipe, which probably, for some cause which does not appear, became choked up. This made the appellant liable. Moore v. Goedel, 34 N. Y. 532; Eakin v. Brown, 1 E. D. Smith, 36; Totten v. Phipps, 52 N. Y. 356. The judgment should therefore be affirmed, with costs. All concur.