CLIFFORD A. SPENCER, Appellant, *v.* PETER J. McMANUS, Respondent.

*Flooding demised premises — liability of a tenant to his landlord — proof that a faucet was opened by a third person.*

A *prima facie* case of negligence, made out against a tenant by showing that the landlord was damaged in consequence of water escaping from a faucet in a toilet room rented to and occupied by the tenant, is fully met, and the absence of negligence on the part of the tenant shown when, upon the trial of the action, it is proved that the faucet was not left open by himself or his servants.

The fact that a tenant gives a license to a third person to use a toilet room, which is a part of demised premises, does not render him liable for the negligent act of such licensee in leaving a faucet in the toilet room turned on, by reason of which the lessor suffers damages.

APPEAL by the plaintiff, Clifford A. Spencer, from a judgment of the County Court of Albany county, entered in the office of the clerk of the county of Albany on the 19th day of February, 1894, upon the decision of the court reversing the judgment of the City

Court of Albany in favor of the plaintiff, docketed in the office of the City Court of Albany on the 23d day of February, 1893.

*George H. Mallory*, for the appellant.

*Reilly & Hamilton* and *J. Murray Downs*, for the respondent.

PER CURIAM:

The dictum in *Moore* v. *Goedel* (34 N. Y. 527), that if the defendant had been in the exclusive possession of the place from which the overflow came, " it would probably have been sufficient *prima facie* to have proved the injury and where the overflow occurred," was doubted in *Harris* v. *Perry et al.* (89 N. Y. 308–314), the court saying, in reference to the above-quoted sentence, " that remark goes far enough, for it may at least be doubted whether the mere fact that an injury occurs on premises under the control and in the possession of a party raises any presumption of wrong against him."

Assuming, however, that the plaintiff made out a *prima facie* case of negligence against the defendant by showing that he was damaged in consequence of water escaping from a faucet left running in a toilet room rented to and occupied by defendant, we think the testimony produced by the latter on the trial fully met this *prima facie* case and showed the absence of negligence on the part of defendant.

The faucet was left running between Sunday and Monday mornings, defendant's store being closed the Saturday evening before and not opened until after the accident, and only one of defendant's employees being there in the interval. He testified that at nine o'clock Sunday morning he locked up the toilet room in question, the faucet being then turned off, and found the door locked Monday morning and the faucet turned on. The defendant fairly proved that the faucet was not left open by himself or servants. The door was kept locked. It is not claimed that the faucet was not in good order.

Although it might have been sufficient in the first instance for plaintiff to show the overflow and injury after the above evidence was in, we are unable to see how the trial court could find that plaintiff had made out a case of negligence against defendant. The act of turning on the water was that of some wrongdoer, and the pre-

sumption that such wrongdoer might have been defendant or his servants was negatived by the testimony given on the trial.

It appeared that the Empire Band had a key of the toilet room, and used it. As far as the evidence shows, they did so without any license or right. It does not appear that the servant of defendant who assumed to license them had any authority to do so, or that defendant had any knowledge of the matter. *In fact,* the defendant and another party were in occupation of the toilet room, and plaintiff was not entitled to judgment without showing that the faucet was left open by defendant or his servants. (*Moore* v. *Goedel, supra.*) It makes no difference in this case that the Empire Band was not a legal tenant of the toilet room. They were there as they would have been, if a tenant, and hence the presumption that might exist if defendant had been the sole occupant of the room, that his negligence caused the injury, could not be entertained. The negligent act of leaving open the faucet might have been that of the Empire Band.

If defendant gave a license to the Empire Band to use the toilet room, we are unable to see that that fact created any liability against him. Nor was he liable for the negligent act of the band or its members. (*Stevens* v. *Armstrong,* 6 N. Y. 435.)

The judgment should be affirmed, with costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.