(16 Misc. Rep. 47.)

STEINWEG v. BIEL.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

WATER LEAKING THROUGH FLOOR—LIABILITY FOR DAMAGES—NEGLIGENCE.
    A person in possession of the floor of a building from which water leaks to a lower floor is not liable for the damage, he not being shown negligent, but the overflow having been caused by rats making a hole in the water pipe under the floor, during the night.

Appeal from Seventh district court.
Action by Louis Steinweg against Abraham Biel. From a judgment in favor of plaintiff, defendant appeals. Reversed.
Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. H. Berrick, for appellant.
Myers & Bronner, for respondent.

McADAM, J.   The action was to recover damages caused to the plaintiff's property by water coming during the night from the fourth loft of premises No. 346 Canal street, in possession of the defendant, into that occupied by the plaintiff, immediately below.   The mere fact of the overflow established no wrong against the defendant.   Spencer v. McManus, 82 Hun, 318, 31 N. Y. Supp. 185;  Clarke v. Anderson, 2 City Ct. R. 115, 229;  Loeber v. Roberts (Super. N. Y.) 17 N. Y. Supp. 378, affirmed 138 N. Y. 606, 33 N. E. 1082;  Bernhard v. Reeves (Wash.) 33 Pac. 873.   The plaintiff was bound to go further, and establish that the overflow was caused by some negligence on the part of the defendant; and this he failed to do.   He undertook to show that the cause of the damage was a leak in a pump supplying the closet on defendant's loft with water, but the preponderance of evidence establishes that the cause was a hole made in the pipe during the night by rats,—a thing which, according to the plumber's testimony, occasionally happens in such cases.   The water rushed out of this hole (which was under the floor) with force, and as soon as the plumber soldered it the trouble practically ceased,—a circumstance which makes defendant's theory significant, if not almost incontrovertible.   The dripping from the pump continued, but no damage came from it, as the quantity was to small to do harm.   The defendant inspected his premises before he left them for the evening, and found nothing out of order.   It does not appear that he omitted any precaution that a reasonably discreet man would have adopted.   There is certainly no evidence establishing negligence, the gravamen of the plaintiff's case.   The damage evidently came from a cause unexpected, and not generally guarded against even by prudent persons.   It follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.