JOHN McINERNEY, Appellant, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent.

NEGLIGENCE — RAILROADS — MASTER AND SERVANT — RELATION OF RAILROAD EMPLOYEES TO TEMPORARY PRIVATE EMPLOYER AND HIS REGULAR EMPLOYEES. When a railroad company's engine crew run their engine upon a switch track on the premises of, and owned by, a private shipper of freight, at the request of the shipper, to couple and move cars for him on his track, under his orders, they discharge their duty to all his regular employees by notifying the shipper of their readiness to proceed with his work, and while engaged therein they are in law his servants; and when the shipper has been so notified, the railroad company will not be liable for a personal injury sustained by a regular employee of the shipper, caused by the omission of the engine crew to notify such employee of their intention to couple a car about which he was working.

*McInerney* v. *Prest., etc., D. & H. C. Co.,* 82 Hun, 615, affirmed.

(Argued December 17, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered December 11, 1894, which affirmed a judgment in favor of defendant dismissing the complaint at the close of the evidence on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Newton Fiero* for appellant. Willard could not, without notice to McInerney and without his assent, place plaintiff in

such a relation to this defendant as to deprive him of a remedy for defendant's negligence.   Plaintiff had no knowledge of the manner of running the engine or of the custom to notify Willard, and Willard's acceptance of notice on behalf of his employees was, therefore, not sufficient to bind this plaintiff. (*Kenney* v. *N. Y. C. & H. R. R. R. Co.*, 54 Hun, 145; 125 N. Y. 422; *Brewer* v. *N. Y., L. E. & W. R. R. Co.*, 124 N. Y. 59; *Ominger* v. *N. Y. C. & H. R. R. R. Co.*, 4 Hun, 163.) Defendant was bound to use the same care and caution as it would be obliged to use upon its own track for the protection of persons properly engaged thereon, and the question is substantially that stated by the court on refusing to grant nonsuit, namely: Whether the defendant discharged its whole duty toward plaintiff by giving notice to Willard and failing to notify the men actually engaged upon the track? (*Barton* v. *N. Y. C. & H. R. R. R. Co.*, 1 T. & C. 297; 56 N. Y. 660; *Ominger* v. *N. Y. C. & H. R. R. R. Co.*, 4 Hun, 163; *Goodfellow* v. *B., H. & E. R. R. Co.*, 106 Mass. 461; *Stinson* v. *N. Y. C. R. R. Co.*, 32 N. Y. 336; *O'Harra* v. *N. Y. C. & H. R. R. R. Co.*, 92 Hun, 56; *Young* v. *N. Y. C. R. R. Co.*, 30 Barb. 229; 13 Daly, 294; *Wittenberg* v. *Seitz*, 8 App. Div. 439; *Conlan* v. *N. Y. C. & H. R. R. R. Co.*, 74 Hun, 115.)   The fact that Willard was grossly negligent does not excuse the defendant.   Defendant cannot escape because of concurrent negligence of a third party. (*Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 628; *Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 48 Hun, 293; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Slater* v. *Mersereau*, 64 N. Y. 138; *Galvin* v. *Mayor, etc.*, 112 N. Y. 223.)   There was gross negligence on the part of the defendant in backing in this yard without giving notice to the persons on the track, and it violated not only its common-law duty, but its own rules and regulations applicable to such cases. (*Coughtry* v. *G. W. Co.*, 56 N. Y. 129; *Devlin* v. *Smith*, 89 N. Y. 470; *Thomas* v. *Winchester*, 6 N. Y. 397; *Barton* v. *N. Y. C. & H. R. R. R. Co.*, 1 T. & C. 297; *Lewis* v. *N. Y., L. E. & W. R. R.*

*Co.*, 123 N. Y. 496; *Vandewater* v. *N. Y. & N. E. R. R. Co.*, 135 N. Y. 583; *Noonan* v. *N. Y. C. & H. R. R. R. Co.*, 42 N. Y. S. R. 44; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 118 N. Y. 527.)

*Lewis E. Carr* for respondent. The evidence did not point out any duty owing by the defendant to the plaintiff, which it omitted to perform, and, therefore, his case failed. (*Flinn* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 11; *T. R. R. Co.* v. *Munger*, 5 Den. 255; 4 N. Y. 349; *Beisiegel* v. *N. Y. C. R. R. Co.*, 40 N. Y. 9, 13; *Harty* v. *C. R. R. of N. J.*, 42 N. Y. 468; *Prendegast* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 652, 653; *Nicholson* v. *E. R. Co.*, 41 N. Y. 525; *Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 243; *Splittorf* v. *State*, 108 N. Y. 205; *Larmore* v. *C. P. I. Co.*, 101 N. Y. 391.) If it be assumed an obligation rested upon the defendant's servants to give notice of their coming to do the work of the plaintiff's employer, it was fully discharged by giving such notice to the employer, and for that reason the nonsuit was right. (*Wright* v. *D. & H. C. Co.*, 40 Hun, 343; *Malone* v. *B. & A. R. R. Co.*, 51 Hun, 532.) The nonsuit was right because there was nothing in the case showing that the defendant knew or had reasonable cause to believe that the plaintiff or any other employee of Willard was between the cars to be moved. (*Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 118 N. Y. 527; *Hulse* v. *N. Y., O. & W. R. R. Co.*, 71 Hun, 40.)

Bartlett, J. This is an action to recover damages for personal injuries. The plaintiff at the time of his injury, Oct. 31, 1890, was in the employ of James N. Willard, Jr., lumber dealer, in the city of Albany, who was the proprietor of a yard upon which stood a mill for the cutting and dressing of lumber, situated some distance from the railroad of the defendant. A switch had been constructed from the railroad premises to the lumber yard, entering at the north end and extending its entire length parallel with the mill. A low platform was

erected between the track and the mill on which lumber was loaded and unloaded. It is an admitted fact that this track was the property of Willard and built upon his land.

When cars were standing in the yard for the purpose of loading or unloading they were uncoupled and moved by hand as required, and it was customary to keep standing upon this track a number of box cars for the convenience of the business. When Willard desired to move any of these cars away he sent word to the defendant company and a switch engine with its crew of men would come to the yard for that purpose.

It was customary for the engine to stop at the entrance of the yard and the crew would send notice to Willard, or in his absence to his foreman, that they were ready to do his work and they would await orders. This course of procedure was pursued on the morning of the accident. Willard was duly notified, and under his direction the engine entered upon the track in the yard for the purpose of coupling the cars and drawing them out.

It appears that plaintiff and a fellow-workman were between two of the cars engaged in moving one of them by hand at the time the engine was backed down and the cars were forced together; plaintiff was caught between the bumpers and severely injured.

There is a conflict of evidence as to whether Willard, through his foreman, notified his various employees at work about and between the cars of the fact that the engine was about to back down. The plaintiff having been nonsuited, this disputed point must be deemed decided in his favor, and the single question is presented whether the defendant discharged its full duty in the premises by notifying Willard and proceeding with the work in the yard under his directions.

It was stated on the argument by the learned counsel for both parties that the precise question now presented has not been decided by this court.

It seems to us quite clear upon principle that the defendant cannot be held liable on the admitted facts of this case, after

giving to the plaintiff the benefit of every presumption to which he is entitled under the record as it stands.

It may be conceded at the outset that the engineer and crew on the defendant's engine, while operating in the yard of Willard, rested under the general duty imposed upon all men to abstain from injuring another intentionally or carelessly.

There is no evidence that any of the engine crew knew that plaintiff was at work between the cars which were forced together. The engine had coupled on several cars and stopped; then backed up further for other unconnected cars when the accident happened; the speed of the engine was a mile an hour or less, and the impact of the coupled cars upon the cars standing by themselves moved the latter from two to four feet. The plaintiff was working at a point where he was concealed from the engine crew and at a time when they had every reason to assume, from the usual course of business in the yard, that all men working between and about the cars had been warned that they were about to be coupled and moved.

It is, therefore, clear that the defendant did not violate any general duty imposed upon it which resulted in the injury of plaintiff.

We come then to the question whether the defendant owed to the plaintiff any active duty of vigilance, the failure to perform which was in law negligence.

To render one liable for the negligence of another, the relation of master and servant or principal and agent must exist. (*Stevens* v. *Armstrong*, 6 N. Y. 435; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181.)

It is necessary to determine the precise relation of the parties as a matter of law under the admitted facts.

The counsel for plaintiff insists that defendant was bound to use the same care and caution as it would be obliged to exercise upon its own track for the protection of persons properly engaged thereon, and that the question is, whether the defendant discharged its whole duty toward plaintiff by giving notice to Willard and failing to notify the men actually engaged upon the work.

If the defendant was, in law, the master of not only the engine crew, but of all of Willard's employees during the moving of cars in the lumber yard at the time of the accident, then it undoubtedly rested under the obligation to notify the plaintiff that the cars were to be coupled and moved, and a notice to Willard alone would not be a discharge of its whole duty.

It would be immaterial whether Willard was regarded as the servant or agent of the defendant for the purpose of giving notice to the plaintiff, as defendant would be liable for his failure to perform the duty imposed upon him.

We are of opinion, however, that the defendant did not sustain the relation of master to the plaintiff or to any one engaged in moving the cars in the lumber yard during the time that work was in progress on the day of the accident.

Willard was the master on that occasion and the plaintiff was in his employ; the track belonged to Willard and was built upon his property; the engine crew of the defendant came upon Willard's track at his request to perform a service for him, and during the time they were thus engaged and acting under his orders and subject to his control they were, in law, his servants.

It would, doubtless, have been a careless and negligent act for the engine crew, upon being sent for, to have entered the yard of the plaintiff and begun the work of coupling and moving cars without notice to Willard or his representative, but they discharged their whole duty to plaintiff and to all the regular employees in the lumber yard when they notified Willard on the day of the accident of their readiness to proceed with his work, and thereupon entered the yard with the engine and coupled and moved the cars in obedience to his orders.

We do not express any opinion as to whether, between the plaintiff and Willard, the latter was negligent, or whether plaintiff was injured by the act of a fellow-servant. These questions are not before us, and nothing we have said is intended to bear upon them in any way.

The counsel for plaintiff insists that two rules of the defendant applied to the situation at the time of the accident, viz., rules 100 and 102; but, as the defendant rested under no responsibility as master, its rules cannot be invoked in aid of plaintiff's case.

It is a hard situation for the plaintiff, who appears to have been very seriously injured, but the case was properly disposed of by the Supreme Court.

The judgment appealed from should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Judgment affirmed.