(20 Misc. Rep. 598.)

SIMON–REIGEL CIGAR CO. v. GORDON–BURNHAM BATTERY CO.

(Supreme Court, Appellate Term. July 1, 1897.)

NEGLIGENCE—ALLOWING WATER TO OVERFLOW.

Where water, in a part of a building exclusively occupied by one tenant, is negligently allowed to overflow, and damages the property of another tenant in the building, the former is liable to the latter for such damage, and proof of the overflow is sufficient prima facie evidence of negligence. Greco v. Bernheimer, 7 Misc. Rep. 592, 40 N. Y. Supp. 677, followed.

Appeal from First district court.

Action by the Simon-Reigel Cigar Company against the Gordon-Burnham Battery Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William G. Romaine, for appellant.
C. T. Duffy, for respondent.

McADAM, J. The action is to recover for damages to the plaintiff's property by reason of the negligence of the defendant. The parties are tenants of the building on the northwest corner of Warren street and West Broadway, this city. The plaintiff is engaged in the manufacture of cigars on the third floor of the building, directly

underneath that portion of the defendant's lofts in which are numerous large tanks and basins, brought upon the premises by the defendant for the purpose of its business. On the night of December 29, 1896, the attention of Police Officer Appleby was attracted by the sound of running water. With the aid of another officer, he procured a ladder, entered the building, and located the cause of the trouble in the premises of the defendant. One of the officers broke in the door of the defendant's premises, and found all the basins and tanks overflowing; that the stopcock or faucet controlling the pipe leading into the tanks or basins had not been closed; and that the water was running into the tanks, and overflowing from the tanks onto the floor of the building. He closed the faucet, and the water stopped. The rooms in which the overflowing occurred were occupied by the defendant, and were under its exclusive control. It was conceded that the plaintiff's property was damaged by the overflow to the extent of $250, for which sum, with costs, the plaintiff recovered judgment.

The defendant undertook to show that the stopcock was closed on the night of the occurrence; but this seems impossible, for the officer testifies that he had to break the door of the defendant's premises in order to get in, and he evidently found the stopcock in the condition it was left in when the defendant's employés closed its quarters on leaving for the night. The officer's testimony, at all events, threw a doubt on the evidence offered by the defendant, and created a question of fact in regard thereto, on which the justice found adversely to the defendant. It is next to impossible to establish affirmatively that the employés of an occupant of premises failed to shut off a stopcock, except by circumstances demonstrating the fact in such manner as to exclude any other reasonable hypothesis. Shortly after the occurrence, the plaintiff's president had an interview with Mr. Lockwood, the treasurer of the defendant, in reference to the matter, in which the latter stated "that one of the boys or clerks of the defendant's company had left the faucet open, and that this was the cause of the overflow"; and the nature of the overflow would indicate that this was true.

In Greco v. Bernheimer, 17 Misc. Rep. 592, 40 N. Y. Supp. 677, we held that the fact of an overflow of water on premises in the exclusive possession of the tenant thereof is sufficient prima facie to fix liability against him for damages caused thereby, in the absence of some explanation negativing want of care upon his part; and that it is the duty of a tenant, in closing his premises for the night, to use some means to see that the faucets therein are not left open, so as to flood the floors of the tenants below. The defendant undertook to give this explanation, but it was not of that satisfactory character necessary to discharge the duty it owed the plaintiff. Indeed, the facts and circumstances proved by the plaintiff clearly showed that, without negligence upon the part of the defendant, the accident could not have occurred.

In Peiser v. Schanning, 13 N. Y. St. Rep., at page 64, the court said:

"In the case of an injury to one tenant of a building resulting from the negligence of another, whereby water overflowed from the premises of the latter, and damaged the goods of the former on his premises, it is said that 'the ques-

tion is one of negligence in the use of the premises. They are not under contract with each other, express or implied, but the reciprocal obligations rest upon the duty which every man owes his neighbor to employ at all times a prudent care in the exercise of his own rights, that the rights of such neighbor may not be injured,' "—citing Eakin v. Brown, 1 E. D. Smith, 36.

In Slater v. Adler, 8 Misc. Rep. 310, 28 N. Y. Supp. 729, the court said:

"Where there are two tenants in occupation of the premises, one being above the other, while it is true there is no contractual relation between them, yet each is bound to see to it that no injury shall happen to the other by reason of any negligence on his part. The case shows that there may have been a stopcock on the floor occupied by respondent's assignors, which could be reached by both them and the appellant; yet the evidence makes it clear that there was also a stopcock on the floor of the appellant's premises, and that the water which ran on the respondent's premises flowed through that stopcock into barrels, from which there was a waste pipe, which probably, from some cause which does not appear, became choked up. This made the appellant liable,"—citing Moore v. Goedel, 34 N. Y. 532; Eakin v. Brown, 1 E. D. Smith, 36; Tottem v. Phipps, 52 N. Y. 356.

The numerous tanks brought by the defendant upon the premises were evidently regarded as a source of danger, for the landlord had exacted from the defendant a stipulation, inserted in the lease, to indemnify the other tenants for damage by water. While this stipulation was apparently made to protect the tenants on the floors below from just such an accident as happened, we do not put the liability of the defendant on that ground, but on the ground of negligence, which satisfactorily appears in the case.

The judgment must be affirmed, with costs. All concur.