(36 Misc. Rep. 524.)

### BECKER v. BULLOWA.

(Supreme Court, Appellate Term. December, 1901.)

LANDLORD—LIABILITY TO TENANT—INJURY TO PROPERTY.

    Where water in a tenement house overflows, to the injury of the personal property of the tenant of the lower floor, he has no remedy over against his landlord, without proof that the overflow was due to the landlord's negligence.

Appeal from city court of New York, general term.

Action by Fisher Becker against Ernest E. M. Bullowa. From a judgment of the general term, affirming a judgment for plaintiff, defendant appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Bullowa & Bullowa (Ferdinand E. M. Bullowa and H. K. Coddington, of counsel), for appellant.

Louis Steckler, for respondent.

MacLEAN, J. The plaintiff, who was a tenant in a tenement of the defendant, brought this action to recover for damage to clothing, cloth, and other property from an overflow of water, alleging in his complaint that upon the floors above the store floor occupied by the plaintiff there were water pipes and other pipes which were used by the defendant, his agent and servants, and were part and parcel of the house and premises; "that on or about the 9th day of August, 1899, the said defendant, his agent and servants, did so carelessly and negligently conduct themselves with regard to said pipes and piping, and the management thereof, whereby the same became defective and broken, thereby causing a large quantity of water and other matter to escape from and out of said pipe and piping, causing the same to overflow from above the store into the premises so occupied by the said plaintiff, and said water and other matter escaped and percolated from the defendant's premises, and overflowed and ran into the premises of the plaintiff." There is no evidence of broken pipes, the plaintiff himself testifying that "on the 6th of August the plumbing was all right there." The plumbers, who were there before and on the day of the accident, testified to the same effect, and that the overflow was caused by the presence of refuse in the pipes, creating a stoppage in closets used presumably in common by the tenants above; there being four families on each of the three floors. This was not disputed, the plaintiff himself testifying: "I didn't go up-stairs to see where the leak came from. I did not know where the leak came from."

"The mere fact of the overflow established no wrong against the defendant. * * * The plaintiff was bound to go further, and establish that the overflow was caused by some negligence on the part of the defendant." Steinweg v. Biel, 16 Misc. Rep. 47, 37 N. Y. Supp. 678. This he did not do, nor does it appear that the defendant omitted any precaution of a reasonably prudent man. It certainly does not appear that he placed, or caused to be placed, the refuse in those pipes, creating the stoppage; and under the decision of Spencer v. McManus, 82 Hun, 318, 31 N. Y. Supp. 185, he would not be liable for the acts of his tenants, at least in the absence of notice. Judgments of the court below reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgments reversed, and new trial ordered, with costs to appellant to abide event. All concur.