## KAHN v. BURETTE.

### (Supreme Court, Appellate Term.   January 7, 1904.)

1. NEGLIGENCE—EVIDENCE—SUFFICIENCY—RES IPSA LOQUITUR.

Evidence that defendant's place of business was flooded by water from defendant's premises above, the floor of which was found to be wet, though no water was coming from the ceiling above, was sufficient, under the doctrine of res ipsa loquitur, to require submission to the jury of the issue of defendant's negligence.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Solomon Kahn against Leonie Burette.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Christian Moritz, for appellant.
Louis Mathot, for respondent.

GREENBAUM, J.   This action was brought to recover damages to personal property from injuries caused by the defendant's negligence. The plaintiff testified that on reaching his place of business on the morning of September 13, 1901, he found the entire floor of his loft flooded, and the entire ceiling wet; that the water was coming through the ceiling from the loft occupied by defendant, immediately above his; that he went up to the defendant's loft, and on examination found the floor of that loft all wet; that the loft above defendant's was occupied by other parties, but that there was no "water coming from the ceiling in Mrs. Burette's [defendant's] place," and that there was a sink on the defendant's floor.   It appeared from the testimony of the plumber that the defendant's sink had been examined the day before the injury, and found to be in good condition.   The court below dismissed the complaint on motion of the defendant's attorney at the close of the plaintiff's case.

The facts on this appeal must be taken most favorably for the plaintiff, and the proof will be deemed sufficient to show that the defendant was in exclusive possession of the loft immediately above the plaintiff's.   Under these circumstances, we do not think the court was justified in dismissing the plaintiff's complaint.   The cause of the proven injury was traced to a place under the defendant's exclusive management and control.   The defendant was therefore called upon to give some evidence by way of explanation relieving herself from the presumption of negligence which arose from proof of the injury resulting from water coming from the premises in defendant's exclusive possession and under her exclusive control.   The facts appear to justify the application of the doctrine of res ipsa loquitur.   On that subject the court in Griffen v. Manice, 166 N. Y. 188, 193, 59 N. E. 925, 926, 52 L. R. A. 922, 82 Am. St. Rep. 630, says:

"The maxim is also in part based on the consideration that, where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to

present. Neither of these rules—that a fact may be proved by circumstantial evidence as well as by direct, and that, where the defendant has knowledge of a fact, but slight evidence is requisite to shift on him the burden of explanation—is confined to any particular class of cases, but they are general rules of evidence, applicable wherever issues of fact are to be determined, either in civil or criminal actions."

Support will be found in the authorities for the application of this doctrine to cases of a similar character to the one at bar. Greco v. Bernheimer, 17 Misc. Rep. 592, 40 N. Y. Supp. 677; Simon Reigel Co. v. Gordon, etc., Co., 20 Misc. Rep. 598, 46 N. Y. Supp. 416. In Moore v. Goedel, 34 N. Y. 527, the Court of Appeals, at page 532, says:

"Had the defendant been in the exclusive possession of the loft in which the closet and wash basin from which the overflow came were located, it would probably have been sufficient prima facie to have proved the injury, and where the overflow occurred."

In view of the presumption of negligence arising from the absence of any explanation on the part of defendant, the court was not justified in dismissing the complaint, thereby holding as matter of law that the plaintiff had failed to establish any facts to sustain his cause of action.

Judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.