## The Belt Railway Company of Chicago v. Frederick Manthei.

### Gen. No. 11,497.

1. WARNING—*when failure to give, of intention to move cars does not constitute negligence.* Failure to warn that cars are about to be moved is not negligence such as to confer a cause of action where it appears that the plaintiff without such information knew that such cars were about to be moved and took a position which he considered safe.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1903. .Reversed. Opinion filed October 4, 1904. Rehearing denied October 17, 1904.

**Statement by the Court.** Appellee, in a suit for personal injuries against appellant, recovered judgment for the sum of $3,000. The suit was commenced against appellant, the Stockham Manufacturing Co. and the Chicago & Western Indiana R. R. Co., but the court instructed the jury to find the Stockham Manufacturing Co. not guilty and the appellee dismissed the suit as to the C. & W. I. R. R. Co.

The injury complained of was occasioned while the appellant was hauling cars out of the private yard of the Stockham Manufacturing Co., the cars being on a track running north and south in said yard.

The negligence charged in the declaration is as follows :

" And it became then and there the duty of the defendants, Belt Railway Company, The Chicago & Western Indiana Railroad Company, by their agents, then and there pushing, hauling and removing freight cars upon and over said switch or railway track, to give due and timely warning before the pushing, hauling or removing of said freight cars as aforesaid, so as to avoid injury to the plaintiff, and exposure of the plaintiff to danger. But plaintiff avers that defendants and each of them, by their agents then and there in charge of said premises, freight cars and engine, and controlling the same, negligently failed to warn the plaintiff, so as to enable him to protect himself from the

injury and danger which would result to him from the removing of said freight car from said switch or track, and thereby then and there negligently exposed the plaintiff to injury and danger, and then and there, whilst the plaintiff, in obedience to the requirements of said foreman of the said Stockham Manufacturing Company, was engaged in shoveling and removing from said switch or railway track, the coal, aforesaid, and in the exercise of all due care for his own safety, the defendants, Belt Railway Company and Chicago & Western Indiana Railroad Company, by their agents aforesaid, then and there negligently operated said engine * * * so that the said freight car was hauled and removed upon and over said switch or railway track, to and against a plank then and there being upon said track or switch, whereby said plank was violently forced and shoved against the plaintiff, whereby," etc.

The following description of the yard is taken from appellee's brief and is substantially correct:

"The plant of the Stockham Manufacturing Company was situated upon a lot occupied by two buildings, one on the east side and the other extending west from the northeast corner on the north side of the lot. A board fence, eight feet high, ran west from the north line of the building on the north side of the lot to the northwest corner, and south from that corner along the west side of the lot, a distance of about six freight car lengths, thence jogging east across a switch track lying in the yard east of the fence on the west side of the lot, thence south and east of the Belt line tracks to the southwest corner of the lot. At the crossing over the switch track was a gate eight feet high, made of boards. From the Belt line tracks, which ran south, and on the west side of the lot fence and gateway to and over said switch, cars were pushed from and hauled to the Belt line tracks in and out of said yard through the gateway by locomotive engines."

Whether the gate obstructed the view of persons in the yard, looking south, is not clear from the evidence. On the morning of July 26, 1900, there were five or six freight cars on the track, inside the yard; certain of them loaded with coal and pig iron had been pushed in the day before and the remainder were pushed in by appellant's engine that morning. The Stockham Company had unloaded iron from a box car, four or five car lengths from the north end

of the switch, that morning, and had unloaded coal from the next car or next two cars south of the box car. The ground alongside the track was higher than the track and sloped down towards it. In throwing the coal onto the bank on the east side of the track, some of it fell back onto the track, so that it was necessary to remove it from the track before the cars could be moved out of the yard, and Johnson, foreman of the Stockham Co., directed appellee to shovel the coal from the track. The pile of coal on the bank was from five to seven feet high at its south, and two or three feet high at its north end. Appellee, at the time of the accident, was not at the south or high end of the pile. Appellee testified that, when the accident happened, he was, perhaps, about thirty or forty feet south of the north end of the coal pile, and had been shoveling five or six minutes; that he had shoveled coal away from the track a space about two feet in width between the coal pile and the track, and was standing about three feet away from the car, and that he had cleaned the space where he was standing. Johnson, the foreman, testified that appellee was about six feet from the cars, on the coal pile, when they moved. It appears from the evidence that in unloading the pig iron from the car north of the coal car or cars a plank had been used. Johnson testified that just before the accident, the plank was on the ground, a little north of the coal pile, lying east and west, on an angle upward, the west end of it about eighteen inches from the rail, and that it was about eight or ten feet from where appellee stood at the time of the accident. Johnson also testified that the first car passed the plank as the cars were moved south of the yard, and did not strike it; that the next car north was a big furniture car, a gondola car, "and the furniture car moved along, and the brace underneath struck this plank, or the strut or angle iron which sets under the length of the car, to support the center from sagging, slid along under the plank, and when it came to the iron strut which keeps that rod in position, the plank couldn't move or stop sliding, and went along with the car." Appellee

testified:   "When Mr. Johnson sent me over there to work, I stepped over that plank, and then went a little further south and started to shovel."

Appellant's crew had charge of the engine which operated the cars, which stood just outside the Stockham Company's yard gate. Farley was foreman of the crew. The engine was headed south, and when the train was made up, ready to be moved, Farley and Johnson were standing chatting together on a platform raised about four feet from the ground, on the east side of the track, and from 75 to 100 feet distant from where appellee was, Farley looking south toward the engine. Farley then gave the signal to move the cars, by raising his hand or hands, and they moved south.

Appellee testified in reference to his position when the cars moved:  "I went about three feet from the car, so that it could not strike me. I was far enough from the car all the time, so that it could not touch me."

EDGAR A. BANCROFT, for appellant.

JAMES R. WARD, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The only circumstance relied on by appellee as negligence is the omission of appellant's servants to warn or notify him that the cars were about to be moved. The only necessity which he can possibly claim for such warning or notice, is the position of the plank on the ground, a few feet north of where he was working. He stepped over this plank only a few moments before the accident, and evidently did not apprehend any danger from it, but only from the cars. He knew the cars were about to be moved, because he was sent to clear the track, so that they could be moved, and he says:  "I went about three feet from the car, so that it could not strike me. I was far enough from the car all the time, so that it could not touch me." He also testified, "I was working to clear the track, so the engine could take the car out." If he knew that the cars were about to be taken out, and was clearing the track for that purpose,

and if one end of the plank was on the rail, as he testified, why did he not remove it? The fact that he did not change the position of the plank, is corroborative of the evidence of Johnson that the nearest part of it to the rail was eighteen inches away from it, and is also evidence that appellee did not apprehend any danger from the plank. Appellee knew just where the plank was, and it is neither averred in the declaration nor shown by the evidence that Farley, the foreman of the switching crew, or any of the crew, knew this. The track was in the private yard of the Stockham Co., and owned by that company, as counsel for appellee admit, and it was maintained by that company. The omission of the appellant or its servants to notify appellee before the cars were moved that they were about to be moved, was not the cause of the accident, because appellee, without such notification, knew this, and took a position which he considered safe, and which, apparently, was safe. If the plank was negligently placed where it was at the time of the accident, the negligence was that of the servants of the Stockham Co., and that company, if any one, is liable, and not appellant.

McInerney v. Delaware & Hudson Canal Co., 151 N. Y. 411, is a case very similar to this. In that case, as in this, the defendant company was moving cars from the private yard of a company, which were on tracks in the yard. The plaintiff was between two of the cars, when the engine crew of the defendant company backed down the engine, by reason of which the cars were forced together, and the plaintiff was caught between the bumpers of the cars and injured. The owner of the yard had been notified by the engine crew that they were ready to move the cars, but there was no notice by the owner of the yard, or by any one, to the plaintiff. There was no evidence that any of the engine crew even knew that the plaintiff was at work between the cars. The trial court non-suited the plaintiff, and the Court of Appeals affirmed the judgment.

See also L. E. & W. R. R. Co. v. Gaughan, 26 Ind. App. Ct. R. 1.

The judgment will be reversed.    *Reversed.*