### ASCHENBACH v. KEENE et al.

#### (Supreme Court, Appellate Term. March 21, 1905.)

1. NEGLIGENCE—OVERFLOW OF WATER—PRIMA FACIE CASE—EVIDENCE.

Defendants sublet a portion of a loft from B., who remained in possession of the remainder; and a faucet in the loft, while physically within the boundaries of the portion occupied by defendants, was used both by defendants' employés and those of B., who had access thereto. *Held*, that the mere happening of an overflow from such faucet under such circumstances was insufficient to establish a prima facie case of negligence against defendants.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 665.]

2. SAME—EVIDENCE—OPINION.

In an action for damages caused by the overflow of a faucet, a remark made by defendants' manager, that one of the girls must have left the faucet open, was a mere expression of opinion, resting on no actual knowledge of any fact to sustain it, and was therefore not admissible as an admission.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Henry Aschenbach against Alfred A. Keene and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

David C. Myers, for appellants.
Arthur L. Fullman, for respondent.

SCOTT, J. If the evidence had shown that the defendants had sole access to the water faucet, the mere happening of the overflow would have been sufficient to establish their responsibility prima facie. The uncontradicted evidence, however, was to the effect that defendants sublet a portion of the loft from a man named Buckley, who remained in possession of the remainder of the same loft, and that, while the faucet was physically within the boundaries of that portion of the loft occupied by defendants, yet that both defendants' employés and those of Buckley had access to the closet in which the faucet was, and that, in point of fact, both sets of employés used the closet and faucet. Under these circumstances, there was no presumption that the loss was occasioned by the negligence of defendants' servants, for it might equally have been occasioned by the negligence of one of Buckley's servants. The case, on the facts, is not to be distinguished from Moore v. Goedel, 34 N. Y. 527, which has frequently

been followed in similar cases. Harris v. Perry, 89 N. Y. 308; Wiley v. Bondy, 23 Misc. Rep. 658, 52 N. Y. Supp. 68; Spencer v. McManus, 82 Hun, 318, 31 N. Y. Supp. 185.

The remark of defendants' manager (if she ever made it) that one of the girls must have left the faucet open, cannot be treated as an admission of a fact, for it clearly appears to have been merely the expression of an opinion, resting upon no actual knowledge of any fact to sustain it. The plaintiff failed to sustain the burden of proof, and the complaint should have been dismissed.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.