### SILVERMAN v. GARIBALDI.

(City Court of New York, Trial Term. February, 1909.)

MASTER AND SERVANT (§ 330*) — INJURIES TO THIRD PERSONS — BURDEN OF PROOF.

In an action for injuries from being run down by a cab owned by defendant, where defendant admits the ownership of the cab, but contends that the driver was not his servant, or in his employ, but that he hired the cab from defendant, the burden of proof is on plaintiff to show the relationship between defendant and the driver.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1270; Dec. Dig. § 330.*]

Action by Samuel Silverman against Luigi Garibaldi. Verdict for plaintiff, and defendant filed a motion to set aside the verdict and for a new trial. Motion denied.

Gustavus A. Rogers, for plaintiff.
Campora & Thiery, for defendant.

FINELITE, J. Motion to set aside verdict of a jury found in favor of the plaintiff and for a new trial, upon the ground that the verdict is contrary to the evidence adduced. This action was brought to recover damages for a personal injury alleged to have been occasioned through the negligence of the defendant. On the 22d day of April, 1905, the plaintiff, whilst crossing Warren street, at the corner of Washington street, this borough, and going in a southerly direction, received the injuries complained of by being run down by a hansom cab owned by the defendant and driven by an employé of defendant. The defendant admits the ownership of the vehicle, but con-

tends that the driver of the cab was not his servant, or in his employ, but that the driver hired the cab from him, paying therefor $2.50 per day, and that he (said driver) kept all the fares collected.

Of course, before the defendant could be held liable for the negligence of the driver, it was necessary for the plaintiff to show the relationship between defendant and said driver, whether that of master and servant or principal and agent. King v. N. Y. C. & H. R. R. R., 66 N. Y. 181, 23 Am. Rep. 37; McInerney v. D. & H. C. Co., 151 N. Y. 411, 45 N. E. 848. It was only possible to charge the defendant with misconduct of the driver by producing some evidence showing the relationship of master and servant. This the plaintiff did not do by direct proof; but on examination of the driver, Bricca, said driver referred to the defendant as his "boss," and further on in the said examination used the phrase "while I was working for defendant." The jury, having before it this evidence, resolved by the verdict rendered that the defendant was the master who had the "supreme choice, control, and direction of the servant, and whose will the servant represented." See Shearman & Redfield on Negligence, § 160.

The plaintiff and his witness testified that defendant's driver conducted himself in such a negligent and reckless manner by driving the horse attached to the cab so that, when it struck the plaintiff, throwing him to the ground and injuring both of his kneecaps, he continued on his way without attempting to halt, alight, and see the extent of his act. The verdict was for $100, and as it was necessary to submit the questions of fact that arose on the trial to the jury, and as it resolved by the verdict in favor of the plaintiff, I will not disturb it, and therefore deny the motion.

Motion to set aside verdict and for a new trial denied. Defendant may have 10 days' stay of execution after notice of entry of judgment and 30 days to make and serve a case. Settle order on notice.