### THOMAS RUSSELL & SON v. CHARLES CRASKE CO.

(Supreme Court, Appellate Term. May 18, 1911.)

LANDLORD AND TENANT (§ 169*)—USE OF PREMISES—INJURY TO COTENANT.
    Where a lease placed upon a tenant the obligation to repair, so as to prevent leakage to the floors below, and to remove and put in a better waste or sewer pipe, so as to prevent leakage, the happening of an acci-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dent to the pipe put in, so that it let out water and damaged the property of the occupant of the floor below, was presumptive evidence of negligence on the part of the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Thomas Russell & Son against the Charles Craske Company. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Alfred E. Ommen, for appellants.

H. A. & C. E. Heydt (J. W. Van Gordon, of counsel), for respondent.

GUY, J. Plaintiffs appeal from a judgment rendered by the court, without a jury, dismissing the complaint upon the merits after trial. Plaintiffs and defendant were at the time of the occurrence involved herein cotenants in a building in Pearl street, in this city, where plaintiffs were engaged in the business of bookbinding, occupying the fifth floor and part of the cellar, and defendant was engaged in electrotyping, occupying the sixth floor. Some time prior to the time in question, defendant had entered into a written lease with the owners of the building, whereby it was provided that defendant should keep the flooring and cement work properly repaired or renewed, so as to prevent leakage from overflow to the floors below, and should remove and put in a better waste or sewer pipe, so as to prevent leakage, and should be wholly liable for any damage or leakage to the other tenants or their property, and should keep said premises clean and in good condition and order, and make all necessary repairs for said demised premises including repairs to plumbing. Some months after making the lease defendant put in a new pipe for discharging from defendant's place water and acid used in electrotyping. On October 17, 1910, one of the joints of the pipe in question opened and let out water, which flowed over books belonging to the plaintiffs. It was stipulated upon the trial that the damage done by the overflow amounted to $86.58. At the close of the trial the plaintiffs moved for judgment, and the defendant moved for a nonsuit, which latter motion was granted.

It is established by the evidence that the pipe in question was in the exclusive control of the defendant, and used exclusively by him. The obligation rested upon him as tenant, under the lease, to keep the same in repair, and, in the absence of explanation as to the cause of the accident, the happening of the accident was presumptive evidence of negligence on the part of the defendant. See Beckie Silverberg v. City of New York, 59 Misc. Rep. 492, 110 N. Y. Supp. 992; Mullen v. St. John, 57 N. Y. 571, 15 Am. Rep. 530; Aschenbach v. Keene, 46 Misc. Rep. 600, 92 N. Y. Supp. 764. On all the evidence presented, the plaintiff's motion for judgment should have been granted. See

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Simon-Reigel Cigar Co. v. Gordon-Burnham Battery Co., 20 Misc. Rep. 598, 46 N. Y. Supp. 416.

The judgment in favor of the defendant should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.