■    JAMES LO BOSCO, Respondent, v. CHARLES ROSEN & SON, INC., et al., Appellants.— Judgment of the Supreme Court, Kings County, dated March 27, 1968, affirmed, with costs.  No opinion.  Rabin, Benjamin and Martuscello, JJ., concur; Brennan, Acting P. J., and Hopkins, J., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: The question is whether plaintiff was a coemployee of defendant Sheldon Rosen at the time of the accident by which he sustained his injuries.  Admittedly, plaintiff was in the employ of Boker, Inc., and Sheldon Rosen was usually in the employ of defendant Charles Rosen & Son, Inc.  Hence, the question may be narrowed to whether Sheldon Rosen was an *ad hoc* employee of Boker, Inc., under the circumstances of this case at the time of the accident.  Plaintiff, it is to be noted, has applied for and received workmen's compensation benefits from Boker, Inc.  The facts are largely undisputed.  Boker, Inc., was a wholesaler of fruit and vegetables.  Charles Rosen & Son, Inc. had leased a truck from

defendant Manhattan Motor Rental, Inc., and Boker, Inc. and Charles Rosen & Son, Inc. had entered into a contract whereby the latter supplied that truck and a driver for the exclusive use of Boker, Inc. on specific days. Sheldon Rosen was the driver of the truck. The truck was used by Boker, Inc., for making deliveries to its customers. This arrangement had been in effect for some months before the accident. Plaintiff and Sheldon Rosen loaded the truck at the place of business of Boker, Inc.; and Rosen received orders from Boker, Inc., instructing him as to the places of delivery and "which way to make the stops." No other merchandise except that owned by Boker, Inc. was carried on the truck during the days on which its deliveries were made. Plaintiff rode on the truck with Rosen and helped Rosen deliver the merchandise at the stops. On July 21, 1964 while Rosen was operating the truck on the business of making deliveries for Boker, Inc., plaintiff was injured when the truck hit a pillar. Looking at the realities, we think that for the time Rosen was driving the truck on the business of Boker, Inc., he was its employee. During that time he obeyed the orders of Boker, Inc., and was doing its work; and plaintiff during that time obeyed the same orders and was doing the same work. True, the two men were paid wages by different employers, but payment of wages is not the test. One may be a general employee and a special employee at the same time — that is, he may be paid by one employer while working for another (*McInerney* v. *Delaware & Hudson Canal Co.*, 151 N. Y. 411; *Finegan* v. *Piercy Contr. Co.*, 189 App. Div. 699). The test is rather the degree of control exercised by the special employer. If the special employer directs and orders the work of the employee on a regular and continuing basis, in effect the general employer is superseded (cf. *Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345, 350). In dealing with the liability that may thus be created, we do not blindly adhere to principles which may have relevance only to injuries suffered by third parties, but consider all of the elements entering into the case, as, for example, the relationship of the injured party to the other parties in the case (cf. *Matter of Larry Jay, Inc.* [*Joint Bd. of Dress & Waistmakers' Union of Greater N. Y.*], 3 A D 2d 386, 392, affd. 4 N Y 2d 912). The realities are that plaintiff, while working for Boker, Inc., seeks recovery from defendants because of the negligence of the driver sitting beside him at the time of the accident and with whom he had worked for Boker, Inc., during that day and on regularly allotted days for some period of time before. But the driver and plaintiff both were working at the direction of Boker, Inc.; so far as this record shows, the general employer gave no directions to them; and, when the accident occurred, both were engaged in the business of Boker, Inc. This was a situation to which the remedies of the Workmen's Compensation Law peculiarly apply; and, since plaintiff obtained workmen's compensation from Boker, Inc., no action lies against Rosen's general employer (*Kazmercik* v. *Goble*, 8 A D 2d 820).